# Court of Appeals.

*October,* 1885.

## PEOPLE *ex rel.* VAN AKEN *v.* MILLHAM.

### BOND IN BASTARDY PROCEEDINGS.

The sureties on a bond, given for the appearance of a defendant in a bastardy proceeding, that he would personally appear before the justice at the time and place to which the proceeding was adjourned, and not depart from thence without the leave of the justices, are not discharged from liability by adjournments of the proceeding, after the same is commenced on the adjourned day.

APPEAL by the plaintiff from a judgment of the General Term, in the Third Department, January 23, 1885, reversing a judgment of a Circuit Court, Hon. A. BOCKES presiding, of December 1, 1884, upon a direction to render a verdict against defendants.

The facts appear in the opinion.

*A. T. Clearwater*, for plaintiff, appellant.—I. The prisoner was bound not only to appear, but to give his continued attendance until the examination and subsequent proceedings were finally closed; having failed to do so, there was a breach of the bond, and the action of the court in directing a verdict for the plaintiff was proper. People *v.* Jayne, 27 *Barb.* 58; People *v.* McCoy, 39 *Id.* 73.

II. As the bond was voluntary and not compulsory, there is no rule of law to limit the effect of the obligation; nothing relieves the defendants but full compliance with all its provisions. Bonds in bastardy proceedings, for manifest reasons of public policy, are construed with the utmost rigor against the obligors. Falls *v.* Belknap, 1 *Johns.* 486; Rockerfeller *v.* Donnelly, 8 *Cow.* 623; People *v.* Corbett, 8 *Wend.* 520; People *v.* Haddock, 12 *Id.* 475; People *v.* Mitchell, 44 *Barb.* 245; Williford *v.* State, 17 *Tex.* 653; Howie *v.* State, 1 *Ala.* 113; People *v.* Moores, 4 *Denio*, 518; People *v.* Clark, 21 *Barb.* 214. The reason of the severity of the rule is, that it being the voluntary act of the party, he admits the authority of the magistrates, and acknowledges the regularity of the proceeding in which it was taken. In this respect, cases of this class are distinguishable from those where the liability arises from a proceeding *in invita.* Gildersleeve *v.* People, 10 *Barb.* 35; People *v.* Annable, 7 *Hill.* 33; Mooney *v.* People, 81 *Ill.* 134; Rainbolt *v.* State, 34 *Tex.* 286; State *v.* Wells, 36 *Iowa*, 238; Hosie *v.* Gray, 73 *Pa. Stat.* 502. A bastardy bond taken with a single surety, though irregular, is valid, and may be enforced against the obligors. People *v.* Lyons, 7 *Daly*, 182; State *v.* Baker, 50 *Me.* 45. "Bastardy is a penal proceeding intended to relieve the State from the duty of maintaining the illegitimate child." Taulk *v.* State, 52 *Ala.* 427.

III. This was a voluntary, not a compulsory bond. It was purely for prisoner's convenience and comfort that it was given. He was in custody. The court was sure of his presence when wanted. He could have been handed over to the sheriff of the county and locked up in the county jail, or tied up in a country tavern, had he given any indication of a desire to leave for the west. Champlain *v.* People, 2 *N. Y.*, 82. The phrase so often quoted, "A man's bail are the jailors of his own choosing," originated with that learned writer and legal antiquary Sergeant Hawkins, who said, "If he be not present *whenever* called it is at their peril." *Hawkins' Pleas of the Crown*, B 2, chap. 15, §§ 3, 84; see, also, *Petersdorff on Bail in Criminal Cases*, 515.

IV. All instruments in the nature of a recognizance are strictly construed against the party and his surety. People *v.*

Blankman, 17 *Wend.* 252. If the defendant be called on at any stage of the trial and fail to appear and answer, his recognizance may be declared forfeited. People *v.* Petry, 2 *Hilt.* 523; Dennard *v.* State, 2 *Kelly*, 137; State *v.* Stout, 6 *Halst.* 124. There is a breach of the recognizance if the defendant though corporally present do not answer when called. People *v.* Wilgus, 5 *Denio*, 58. Even where the principal failed to unite in the recognizance the sureties were held. People *v.* Huggins, 10 *Wend.* 465; Miner *v.* State, 1 *Blackf.* 236. The rule of construction of an instrument in the nature of a recognizance is *if possible* to make it answer the purpose for which it was intended. McCarty *v.* State, 1 *Blacksf.* 338; State *v.* Wellman, 3 *Ohio*, 14; Tyler *v.* Greenlow, 5 *Rand.* 711. The fact that the defendant is imprisoned on another charge in a neighboring State will not excuse his non-appearance in obedience to his recognizance. Taylor *v.* Taintor, 16 *Wal.* 366; 2 *Green's Crim. Repts.* 143. Where a person is brought before a justice on a warrant and prays for an adjournment, and bail is taken for his appearance, there must be a *personal appearance* of the party and not by attorney, otherwise the bail will be liable. Dunham *v.* Heyden, 7 *Johns.* 381.

V. The defendants having asked for the adjournment, having heard the discussion between the magistrates and counsel for the overseer as to the validity of the bond, having heard counsel state that it would hold good until the proceedings were finally disposed of, are estopped by acquiescence from disputing its validity.

VI. The verdict for the penalty of the bond was properly directed. In case of a forfeiture of a bond for the *appearance* of the putative father the whole penalty is recovered. People *v.* Tilton, 13 *Wend.* 597; People *v.* Jayne, 27 *Barb.* 58.

*F. W. Sparling* (*Wm. Lounsbery* of counsel), for defendants, respondents.

EARL, J.— The defendant, Warren Millham, was arrested under a warrant issued by a justice of the peace of the town of

Esopus, Ulster county, as the reputed father of a bastard child likely to be born, and was brought before the justice, who called to his aid another justice, and at the request of Millham the hearing of the matter was adjourned to June 7, 1879, and in pursuance of the statute he gave a bond with the two other defendants as sureties, conditioned that he would personally appear before the justice at the time and place to which the adjournment was had, and not depart therefrom without leave of the justice.

On the day named, which was Saturday, Millham appeared, and the hearing and examination began and continued all that day without completing the same, and then the counsel on both sides, having engagements at a County Court which was to commence its session upon the following Monday, upon the request and assurance to the justice that the bond would hold the sureties, the case was adjourned to the 26th day of June, 1879. On that day Millham did not appear, although duly called. This action was commenced upon the bond to recover for a breach of the conditions thereof, and at the trial the defendants objected, that there was no breach of the bond, as Millham had appeared at the time and place mentioned therein and had departed with the leave of the justice, but the trial judge held that there was a breach, and directed a verdict in favor of the plaintiffs for the amount of the penalty and interest thereon.

From the judgment entered upon the verdict the defendants appealed to the General Term, and there the judgment was reversed and a new trial granted on the ground that there had been no breach of the bond, and then the plaintiffs appealed to this court.

The sole question for our determination is whether, upon the undisputed facts, there was a breach of the bond.

By section 12 of title 6, chapter 20 of part 1, of the Revised Statutes, it is provided that where the reputed father is brought before the justice, and he shall require delay and give sufficient reason therefor, they may adjourn the examination for any time, not exceeding six weeks, and shall take his bond, with

sureties, for his appearance at such time before them, in the penalty mentioned.

This bond was conditioned that Millham should personally appear before the justice at the time and place named, and not depart therefrom without the leave of such justice. It is not claimed and cannot be, that the words quoted were inserted in the bond without authority of law, and that it was therefore illegally executed. People *v.* Jayne, 27 *Barb.* 58. Without these words the bond would have the same meaning, and would have to receive the same construction.

The purpose of the bond required by the statute is to release the defendant from arrest. Without it he would have to remain under arrest, as the examination could not proceed without his presence (§ 11). If the sureties upon such a bond would be discharged whenever the justice should permit the defendant to leave the room where they were sitting, or whenever they took a recess for dinner, or adjourned to procure the attendance of a witness, or over night, or over Sunday, or to meet exigencies contemplated by § 20, the purpose of the statute and of the bond would be defeated. If such were the rule the defendant would have to be placed under arrest when he came to his examination, or he would have to bring his sureties with him so as to obtain their assent to the action of the justice.

The object of the statute is not only to secure the attendance of the defendant at the adjourned day, but during the trial until the termination thereof. The bond binds him to appear at and during the examination, which may last one or several days, and which may from the engagements of the justice or other contingencies be adjourned from time to time. If this case, after the examination had commenced, had been adjourned over night or over Sunday, would not the sureties have been bound, and if they would not be discharged in such case why should they be discharged by any adjournment for several days. After the examination has been entered upon there is no provision for a new bond, and it is not believed that the justice could exact a new one, and in default thereof order the defendant under arrest.

Having given the bond, he is entitled to be at liberty until the close of the examination and the decision thereon. When

an examination is thus continued from day to day, or from week to week, it is a continuance of the same court held by the same justice, and it is the same examination and hearing, and the leave to depart, contemplated by the law, is the leave to go at the end of the examination, when the same has in some way been brought to a conclusion, so that the presence of the defendant is no longer required for any purpose, or some leave to go finally out of the court or from the court. Here there was no leave to the defendant to depart out of the court, or from the examination, but he was required to be and appear on the further hearing of the matter on the adjourned day.

This construction of the statute and the bond is made more clear by reference to section 17, which provides "that, during such examination, and until such person shall be discharged by the justice aforesaid, he shall remain in the custody of the constable who apprehended him, unless a bond shall have been taken for his appearance.

Thus, plainly, during the whole examination, whether it takes one day or a week, the defendant must remain in custody unless he has given the bond, and then, during the same time, the bond stands in the place of the custody, and entitles him to be at liberty.

If a criminal be bound by recognizance to appear at court for trial, it has never been doubted that he is bound to remain during the trial to answer when he is called any time until the conclusion thereof, and the trial may be postponed from day to day, or for several days, without discharging his sureties.

We do not go any farther than the facts of this case. Here the hearing had commenced. A different rule might apply when, before the commencement of the examination, a postponement to a later day is made, for, in such a case, the justice might have the right to take a new bond, as if one had never been given.

We are not unmindful of the rule which forbids such a construction of the contract of suretyship as will extend or enlarge the scope beyond its plain terms or evident meaning. But this bond must be construed in reference to the statute under which it was given, and so as not to frustrate the plain purpose fo:

which it was taken, and thus construing it we think there was a breach of its conditions.

The case of the People v. Greene (5 *Hill*, 647) is not in point. There the defendant was bound to appear at a certain term of court, and without entering upon the hearing the case was postponed until the next term, and it was held that the failure to appear at the next term after that to which he was bound to appear, did not constitute a breach of his bond.

If in that case the hearing had been commenced at the first term, and had been postponed to any day during the same term, and the defendant had failed to appear at the adjourned day, then there would have been a different question, and no doubt in such case the court would have held that there was a breach of the bond.

We are therefore of the opinion that the order of the General Term should be reversed, and the judgment entered upon the verdict affirmed with costs.

All concur.