THE PEOPLE OF THE STATE OF NEW YORK ex rel. BERNARD RITZENTHALER, as Overseer of the Poor, etc., Respondent, v. EDWARD F. HIGGINS, Appellant, Impleaded with Others.

*Bastardy proceedings — jurisdiction of the Municipal Court of the city of Rochester — association of justices — adjournments — section 849 of the Criminal Code.*

Under the provisions of the charter of the city of Rochester it is unnecessary in bastardy proceedings for one justice of the Municipal Court of the city of Rochester to associate himself with another justice thereof up to the time of actually commencing the examination therein, and until that time the justices may alternate in the conduct of the proceedings.

Section 849 of the Code of Criminal Procedure does not prohibit in bastardy proceedings more than one adjournment, nor adjournments for more than thirty days, where the adjournments are taken by the consent of both parties; it merely limits the time of any one adjournment, without consent, to thirty days.

The provisions of the charter of the city of Rochester, authorizing the prosecution of bastardy proceedings in the Municipal Court of the city of Rochester, contemplate that more than one adjournment may be had, and there is no limit to the number or time of the adjournments necessary for the proper disposal of the case, either before or after the actual commencement of the examination, where they are made by the consent of both parties.

APPEAL by the defendant Edward F. Higgins from a judgment of the Monroe County Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 14th day of September; 1893, upon the decision of the court, on an appeal from a judgment of the Municipal Court of the city of Rochester.

*Edward F. Wellington*, for the appellant.

*C. D. Kiebel*, for the respondent.

LEWIS, J. :

On application of the respondent, based upon the affidavit of Mary Barker, a warrant was issued out of the Municipal Court of Rochester in bastardy proceedings against Dorlan Clapp, one of the defendants, on the 21st day of February, 1891. Clapp was brought before George E. Warner, one of the judges of the said court, on the twenty-third day of February. He thereupon made application for an adjournment of the examination, and for that purpose executed an undertaking in the sum of $500 with the appellant and another as sureties, and the case was adjourned until the ninth day of March following. Upon the adjourned day the defendant appeared and made a further application to have the hearing adjourned until the twenty-fifth of March, to which time the case was adjourned by consent of the counsel for the People. The hearing was again adjourned at the request of the defendant, the People consenting, to the 8th day of April, 1891. On the last-named day the counsel who had appeared in the former proceedings for the defendant appeared in court and asked to have the case adjourned until the fourth of May following, stating as a reason for the request that the defendant was confined in the Monroe county jail upon the charge of seducing the said Mary Barker under promise of marriage. The application was granted and the case was adjourned accordingly. On the fourth day of May the counsel for the defendant again appeared and asked to have the case held open for ten minutes to enable him to find his client. The request was granted, but neither Clapp nor his attorney again appeared. Thereupon, Judge WARNER associated Judge WHITE, the other Municipal Court judge, with him and they declared the undertaking forfeited, and this action was thereafter commenced against Clapp and the two sureties, the appellant Higgins alone defending.

The case was tried in the Monroe County Court before the special county judge without a jury. He made a decision directing a judgment against the defendants for the sum of $500, and from the judgment entered upon said decision this appeal was taken by the defendant Higgins. By the charter of the city of Rochester the Municipal Court of the city is given jurisdiction in bastardy proceedings. (Chap. 561, Laws of 1890.) Section 848 of the Code of Criminal Procedure provides that the magistrate before whom the defendant is brought must immediately associate with himself another justice of the peace, and the two magistrates thus associated must inquire as to the charge, must examine on oath the woman who is the mother of or who is pregnant with the bastard in the presence of the defendant in respect to the charge, and hear any testimony which may be offered in relation thereto. Section 849 : "Magistrates may, on the application of the defendant, for good cause adjourn the examination not exceeding 30 days, upon the defendant giving an undertaking, with two sufficient sureties, to the effect that he will appear before the magistrates at the time appointed, or that the sureties will pay the sum mentioned therein."

The provisions of the Code are modified by the charter of Rochester in the following particulars : Judges of the Municipal Court are not required to be associated together until the commencement of the examination, and the bond the defendant is required to give to obtain an adjournment must be to the effect that the defendant will appear before the said court at the adjourned time and such other time or times to which adjournment may be had for the purpose of the examination and determination, and will render himself amenable to any process, order or commitment that may be issued or made in such proceedings. The bond in question provided that, " If the said Dorlan Clapp shall personally appear before the said Municipal Court at the time and place last aforesaid, and at such other time or times to which adjournments may be had for the purpose of the examination and determination therein and will render himself amenable to any process, order or commitment that may be issued or made in such proceedings, then this obligation to be void, otherwise to remain in full force and virtue." All the proceedings in the action were had before Judge Warner down to the last

adjourned day; they seem to have been regular in that regard, for the charter contemplates that the proceedings shall be conducted before one of the judges until the examination actually commences. Up to that time there seems to be no reason why the judges may not alternate in the conduct of the proceedings.

The only question argued by the appellant which it occurs to us is of sufficient importance to merit consideration is as to whether the bond was invalidated by the adjournment of the proceeding beyond the time limited by section 849, to wit, thirty days. That section, as we have seen, provides that the magistrate may, on the application of the defendant, for good cause adjourn the examination not exceeding thirty days. That section, we think, does not prohibit other adjournments and for a longer time by the consent of both parties. It does not prohibit more than one adjournment at the request of the defendant, but limits the time of any one adjournment to thirty days.

It was held in *People ex rel. Van Aken* v. *Millham* (100 N. Y. 273) that the sureties on a bond in a bastardy proceeding under the provisions of the Criminal Code were not released from liability because of the adjournment of the proceedings at the request of the defendant after the examination commenced. It was held that adjournments could be taken from time to time after the commencement of the trial, and the liability of the sureties continued. The provisions of the charter contemplate that more than one adjournment may be had, and there does not seem to be any limit to the number or time for which adjournments necessary for the proper disposal of the case may be had either before or after the examination shall be actually entered upon. All the adjournments having been made at the request of the defendant and by consent of both parties, we are of the opinion that the trial court correctly held that the defendant was liable upon the undertaking.

The judgment appealed from should be affirmed, with costs.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment of the County Court of Monroe county appealed from affirmed, with costs.