## Court of Appeals.

February 2, 1897.

### PEOPLE ex rel. BERNARD RITZENTHALER v. EDWARD F. HIGGINS et al.

1. BASTARDY—CHARTER OF ROCHESTER.

The principal, if not the substantial, change made in the charter of Rochester in section 842 of the Code of Criminal Procedure, aside from conferring jurisdiction in bastardy cases upon the local court, was to provide that upon the return of the warrant and at any stage of the proceedings, except during the examination and determination, the court could be held by single justice.

2. SAME.

A general provision of the Code, regulating the procedure in this class of cases, is not to be deemed to be modified or changed, in its application to a particular locality of the state, by words of doubtful import, relating another subject.

3. SAME—BOND—SURETY.

A surety on an undertaking, given on an adjournment in bastardy proceedings, is not only entitled to insist that he shall not be held liable except according to the very terms of the obligation, but he may also defend upon the ground that the instrument was not given according to the requirements of the statute, and that the officer who took it was without jurisdiction.

4. SAME.

The parties, by their consent or agreement to adjourn the cause from time to time, cannot bind the surety, unless he was so bound in the first instance.

5. SAME.

Neither the statute nor the terms of the bond contemplate or provide for successive adjournments from time to time, for an indefinite period, without entering upon the trial.

6. SAME.

A bond given in such a proceeding is not to be considered as a contract between the parties.

**7. SAME —PROCEDURE.**

The various sections of the Code of Criminal Procedure, which regulate the practice in such cases, do not authorize one magistrate to issue the warrant, and another to let the defendant to bail.

Appeal from a judgment, affirming a judgment of the general term of the supreme court, which affirmed a judgment of the county court, affirming a judgment of the municipal court in favor of plaintiff.

Edward F. Wellington, for appellant.

A. J. Rodenbeck, for respondent.

O'BRIEN, J.—The defendant who brings this appeal was one of the sureties upon a bond given upon an adjournment of bastardy proceedings which had been instituted by the people, on the relation of the overseer of the poor of the city of Rochester, against one Dorlan Clapp. The procedure in such cases is regulated by title 5, ch. 1, of the Code of Criminal Procedure, as modified by certain provisions of the charter of the city of Rochester, conferring jurisdiction in such cases upon the municipal court of that city. Laws 1890, ch. 561. That court is created and organized by the city charter, with two justices or judges, either of whom may hold courts and render judgments in such cases as fall within the jurisdiction conferred. By section 842 of the Code of Criminal Procedure, the officer who issues a warrant or makes an examination in a proceeding of this character is defined and designated as a magistrate; and the principal, if not the only substantial change made by the charter, aside from conferring jurisdiction in such cases upon the local court, was to provide that upon the return of the warrant, and at any stage of the proceedings, except during the examination and determination, the court could be held by a single justice, whereas, by section 848 of the Code, the magistrate, when the warrant is served and the defendant brought before him, must associate with himself another magistrate, and all the proceedings must be conducted before a court organized with two members. In all other respects the procedure is governed by the general provisions of the Code of Criminal Procedure. The defendant is not only entitled to insist that he shall not be held lia-

ble except according to the very terms of his obligation, but he may also defend upon the ground that the instrument was not given according to the requirements of the statute, and that the officer who took it was without jurisdiction.   It appears by the findings that upon the defendant's arrest, on the 23d of February, 1891, he was brought before one of the judges of the municipal court, was arraigned, and pleaded not guilty, and upon his request the hearing was adjourned to the 9th of March following.   It is conceded by the learned counsel for the plaintiff that, under the Code of Criminal Procedure, there could have been but one adjournment, to some time not exceeding thirty days, but in this case the cause was again adjourned on March 9th to March 25th, and again to April 8th, and finally to May 4th, when, upon the failure of the defendant to appear, an order was entered directing the prosecution of the bond.   It does not appear to us that the language of the city charter has enlarged the scope or the power of the court in such proceedings with respect to the granting of adjournments.   That statute contains no affirmative provision on that subject, and it does provide that in all other respects the procedure prescribed by the Code must be followed; and, as already suggested, section 849 contemplates but one adjournment, and that upon the application of the defendant, for good cause shown, and then not exceeding thirty days.

The charter (sec. 245, subd. 15) contains some provisions as to the form of the bond which the defendant is required to give as a condition of the adjournment, but there is no reason to believe that the legislature intended, when prescribing the form of the bond, to enlarge the power of the court to grant adjournments. A general provision of the Code regulating the procedure in this class of cases is not to be deemed to be modified or changed, in its application to a particular locality of the state, by words of doubtful import, relating to another subject.   The bond in this case follows the language of the statute, and its true scope and meaning must be determined in order to ascertain the extent of the defendant's obligation.   After reciting the charge against the defendant, and his arrest, the instrument proceeds as follows: "And whereas, at the request of said Dorlan Clapp, and for sufficient reasons given, the said judge has determined to adjourn the examination and de-

termination of the said matter and charge, upon the execution of this bond, until the 9th day of March, 1891, at 9:30 o'clock in the forenoon, at the court room of said municipal court in Roches-ter aforesaid: Now, therefore, if the said Dorlan Clapp shall per-sonally appear before the said municipal court at the time and place last aforesaid, and at such other time or times to which ad-journments may be had, for the purpose of the examination and determination therein, and will render himself· amenable to any process, order, or commitment that may be issued or made in such proceedings, then this obligation to be void, otherwise to remain in full force and virtue." The sureties upon this instrument un-dertook that their principal should appear before the court on the 9th of March, and they have been held liable in this case for failure to appear on the 4th day of May. The judgment proceeds on the theory that when such a bond is once given the surety re-mains liable, through an indefinite number of adjournments made by the consent of the parties to the proceeding, and for their own convenience, but without the consent of the surety. The statute does not contemplate that a proceeding of this character shall be kept alive by successive adjournments by consent of the parties, and for their convenience. The parties, by their consent or agreement to adjourn the cause from time to time, cannot bind the surety, unless he was so bound in the first instance. The surety was bound if his principal failed to appear on the 9th of March, "and at such other time or times to which adjournments may be had, for the purpose of examination and determination therein." These last words were not intended to cover the case of successive adjournments by the consent of parties, but such a case as was before this court in People v. Millham, 100 N. Y. 273, 3 N.'E. 196, where the bond provided for the appearance of the party before the justices on a certain day, and he did so appear, and the trial or examination was entered upon, but not concluded for some days thereafter, when the party escaped before the final determination, and while the trial was in progress. It was held that the nonappearance of the defendant under these circumstances was a breach of the conditions of the bond, since the meaning of the condition, when read with the statute, was to secure the at-tendance of the defendant, not only on the adjourned day, but

during the trial, and until it was terminated. It was said in that case, however, that a different rule might apply when a further adjournment was granted before the commencement of the hearing. It seems to us that the language used in the city charter with respect to the form of the bond was intended to cover just such a case, and not to change the general provisions of the Code. The words relate to an adjournment "for the purposes of the examination;" that is, for the purpose of completing an examination already commenced. The adjournments in this case were not for the examination, in the sense in which these words are used in the bond, but for the convenience of the parties, or some other purpose of their own. The condition of the bond was satisfied by the appearance of the defendant before the court on the 9th of March, and had the trial commenced on that day, without being completed, the obligation of the surety would also extend to subsequent adjournments from time to time for the purposes of the trial and determination. But neither the statute nor the terms of the bond contemplate or provide for successive adjournments from time to time, for an indefinite period, without entering upon the trial, as were had in this case. It may be that such adjournments, when made by consent of the parties, would preserve the jurisdiction of the court over the case, and over the parties themselves, but such consent could not enlarge the obligation of the surety. The statute and the instrument itself should be construed in such a way that the surety would be able to know in advance of the execution the full scope and extent of the obligation which he is about to assume. If the parties, without his consent, can continue the proceeding by adjournments for an indefinite time, it would be impossible for him to know when his liability is to end. If these views are correct, the failure of the defendant in the proceeding to appear before the court on the 4th of May was not a breach of the conditions of the bond, as the surety was not bound for his appearance at that time.

. A bond gives in such a proceeding is not to be considered merely as a contract between the parties. It is something more. It is part and parcel of a judicial proceeding, and unless the officer who required the party to give it, as a condition of the adjournment, had jurisdiction of the person and the case, it is void. The

application for the warrant in the proceeding was made to Justice Warner, and he issued the warrant. Under the provisions of the Code, the party when arrested must in such a case as this be brought before the magistrate who issued the warrant; but it appears that he was in fact brought before the other justice of the court, before whom he was arraigned and required to plead. It was this officer, who required the bond, fixed the amount of the penalty, and adjourned the case till the 9th of March. The various sections of the Code of Criminal Procedure which regulate the practice in such cases do not authorize one magistrate to issue the warrant, and another to let the defendant to bail. Jurisdiction of the case is acquired by the sworn complaint, and the officer to whom it is presented, and who issues the warrant, has no power to turn the case over to another, either for the purpose of an adjournment or otherwise. The sole jurisdiction remains with the magistrate before whom the proceedings were instituted, except that on the final hearing he must associate with himself another magistrate. None of the provisions of the Code have been changed in this respect by the city charter That provides that the municipal court, at any stage of the proceeding, may be held by one of the judges, which means nothing more than that one judge may hold the court. But it does not mean that a part of the proceedings may be had before one of them, and part before the other. Such a method of procedure in a cause pending before a court of special and limited jurisdiction would be so anomalous that it cannot be supposed that it was within the intention of the legislature, in the absence of language clearly manifesting such intention; and surely such a conclusion cannot be drawn from a provision that the court, in all stages of the proceedings, may be held by one of the justices. The findings of the trial court, incorporated in the decision, are to the effect that all the proceedings were before the same justice; and, if these findings were supported by the evidence, it would, of course, be a good answer to this point. But the difficulty is that they are, in this respect, contrary to the admissions of the pleadings, to the proofs, and to a special finding on the subject made at the request of the defendant. The complaint alleges, and the answer admits, that the bond was given upon an adjournment after an arraignment and plea by the accus-

ed before Justice White. The recitals of the bond show the same fact. The constable who arrested the party testified to the same effect, and the court, at the request of the defendant on the trial of this action, made a finding which substantially imports that such was the fact. In view of all this, the finding that the bond was given upon an adjournment made by Justice Warner, upon the return of the warrant, is not sustained by the proofs; and the case must be decided upon the facts as they appear by the pleadings, by the recitals in the bond, the proofs, and the special findings. These are clearly to the effect that the application was made to Justice Warner, and that he issued the warrant; that the accused was brought before Justice White, was arraigned, pleaded not guilty, applied for the adjournment to March 9th, which was granted upon the execution of the bond in suit. We think that Justice White has no jurisdiction of the case, and consequently the bond was void. The judgment should be reversed, and a new trial granted; costs to abide the event.

All concur, excert ANDREWS, C. J., and GRAY, J., not voting. HAIGHT, J., taking no part.

Judgment reversed.