PEOPLE v. McKENNA et al.

(Supreme Court, Appellate Division, First Department. June 21, 1901.)

BAIL BOND—CONSTRUCTION—PRODUCTION OF DEFENDANT FOR EXAMINATION—
ADJOURNMENTS—SURETY—DISCHARGE.

Code Cr. Proc. § 191, provides that the preliminary examination of a defendant must be completed in one session, unless the magistrate adjourn it for cause, which adjournment cannot be made for more than two days at each time, except by defendant's consent; and, where an adjournment is had, section 192 declares that between the adjournment and examination defendant may be admitted to bail for appearance at the examination. *Held*, that a bond for appearance, providing that, the hearing having been adjourned, defendant and surety undertook that defendant should personally appear before said magistrate during the said examination, or pay, etc., when construed in connection with the statute, only obligated the surety to produce defendant at the time and place first fixed for the examination, and, having performed such obligation, the surety was discharged, and was not liable for his failure to produce the defendant at a subsequent date to which the examination was adjourned without notice to the defendant personally or to the surety.

Ingraham and Hatch, JJ., dissenting.

Appeal from special term, New York county.

Proceeding by the people against Patrick McKenna, impleaded with George Clark, on a forfeited recognizance. From an order denying a motion to vacate a judgment in favor of plaintiff, and to set aside an execution issued thereon, defendant McKenna appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Robert C. Taylor, for appellant.
Charles E. Le Barbier, for respondent.

McLAUGHLIN, J. This appeal is from an order denying a motion to vacate a judgment entered against the defendant McKenna, and to set aside an execution issued thereon. The facts are undisputed, the parties themselves having entered into a stipulation for the purpose of establishing them. From this stipulation it appears: That on the 27th of February, 1901, the defendant Clark, upon a warrant issued upon a deposition charging him with having violated section 344 of the Penal Code, was arrested, and on the same day arraigned before the magistrate—one of the justices of the court of special sessions of the city of New York—who issued the warrant. When Clark was arraigned he was informed, in accordance with the provisions of section 188 of the Code of Criminal Procedure, of the charge against him, and of his right to the aid of counsel in every stage of the proceeding. Clark demanded that an examination be had of the charge, and for that purpose he requested that the hearing be adjourned to some future day. The magistrate, acting upon this request, adjourned the hearing to and fixed the examination for March 7th, at 2 o'clock p. m.; and, to insure Clark's appearance at that time, he required him to enter into an undertaking in

the penal sum of $2,500, which was given, with the defendant Mc-
Kenna as surety. Some time prior to the 7th of March (just when,
it is not made to appear) some person (who, the record does not dis-
close) then acting as counsel for Clark requested the magistrate to
grant a further adjournment, which he did, during the forenoon of
March 7th (at just what time does not appear), by directing his then
clerk to make a memorandum upon the papers in the case to the
effect that the examination of the defendant was adjourned to
March 21, 1901, at 11 o'clock a. m.; and the clerk, in pursuance
of this direction, made an entry to this effect in his stenographic
minutes, and thereafter (but at what time does not appear) he wrote
upon an envelope containing the papers in the case the words,
"March 21st, 11 a. m." That, when the magistrate directed his
clerk to make such memorandum, neither the defendant, his surety,
nor any person representing them as attorney or counsel or other-
wise, was present, and that such direction for an adjournment was
made "without notice to the defendant personally, and without no-
tice to the surety." That on the 7th of March, at the time and
place originally fixed for the hearing of the examination, McKenna
produced Clark for examination, who, with an attorney then repre-
senting him, waited for more than one hour "in expectation" that
the magistrate would call the case for examination. That the magis-
trate did not appear, the case was not called, and no disposition
whatever was made of it. That on the 21st of March the magistrate,
pursuant to the direction given to his clerk, attended, and Clark be-
ing called, and McKenna, the surety, not producing him, an order
was made forfeiting the undertaking, and directing that judgment
be entered on the undertaking in accordance with law; and in pur-
suance of this order, under section 1480 of the consolidation act,
continued in force by the Greater New York charter, a judgment,
without notice to Clark or to McKenna, was entered against them
for the amount specified in the undertaking. Thereafter McKenna
moved to vacate the judgment and set aside the execution issued
thereon, so far as the same related to him, which motion was de-
nied, and he has appealed.

I am of the opinion that the motion should have been granted.
The undertaking, except the formal parts of it, was as follows:

"And information having been laid before William Travers Jerome, a
magistrate of the city of New York, charging George Clark, defendant,
with the offense of violation of section 344, Penal Code, and he having
been brought before said magistrate for an examination of said charge,
and it having been made to appear to the satisfaction of said magistrate
that such examination should be adjourned to some other day, and the
hearing thereof having been adjourned, we, George Clark, defendant,
* * * and Patrick McKenna, * * * surety, hereby jointly and sev-
erally undertake that the above-named George Clark, defendant, shall per-
sonally appear before the said city magistrate at said magistrate's court
in the city of New York during the said examination, or that we will pay
to the people of the state of New York the sum of $2,500."

The proper construction of the undertaking must be determined
when it is read and construed in connection with the statute (Code
Cr. Proc. §§ 191, 192) which authorized the magistrate to take it,

and the stipulation relating to and connecting with what occurred when it was given. When it is thus considered, it at once becomes apparent that the obligation, and the only one, which McKenna, the surety, assumed, was that Clark would personally appear before the magistrate at the time when and the place to which the examination had been adjourned, viz. in the magistrate's court on the 7th of March at 2 o'clock p. m. Did the surety comply with this obligation? He did according to the stipulation. He produced Clark at that time and place, and Clark was then and there ready to proceed with the examination. He expected that the same would take place, and for that purpose was represented by counsel. Notwithstanding this fact, the surety has been held liable, not because Clark did not appear at that time, but because he did not appear on the 21st of March, the time to which the examination had been previously adjourned without notice to either Clark or McKenna, and of which neither of them, so far as appears, had any knowledge whatever. Upon what principle of law a surety, upon such a state of facts, can be held liable, I am unable even to conjecture. The surety had complied, both in spirit and letter, with his undertaking; and, having done this, a liability on his part could not be created by any act taken by the magistrate, except with his consent, either express or implied. The learned justice sitting at special term denied the motion to set aside the judgment and vacate the execution issued thereon, as appears from his opinion, on the ground that the undertaking required Clark to appear, "not on any certain day, but during the examination." But if the undertaking were subject to such construction, which, as it seems to me it is not, in view of the stipulation, it would not aid the people, because it must be read, as already said, in connection with the statute which authorized the magistrate to take it. The only authority which the magistrate had to admit the defendant to bail, and to take the undertaking conditioned for his personal appearance at the time to which the proceeding was adjourned, is that derived from the sections of the Criminal Code hereinbefore referred to, and the undertaking in question was only binding upon defendant in so far as it complied with those sections. People v. Millham, 100 N. Y. 273, 3 N. E. 196; People v. Higgins, 151 N. Y. 570, 45 N. E. 1033. Section 191 provides that the examination of a defendant must be completed at one session, unless the magistrate, for good cause, adjourn it, and that the adjournment cannot be for more than two days at each time, unless by consent or on motion of the defendant; and, where an adjournment is had, section 192 provides that intermediate the adjournment and the examination the defendant may be admitted to bail to insure his appearance at the examination. When the undertaking is thus read in connection with those two sections, and also in connection with the stipulation, notwithstanding the fact that no specific time is mentioned for the examination, it at once becomes apparent that it was given for the sole purpose of insuring the defendant's presence at the time to which the proceeding was adjourned, viz. March 7th at 2 p. m. Therefore I am of the opinion that, when McKenna produced Clark at that time, he complied with

the conditions of the undertaking, and satisfied the obligation which he had given, and he could not thereafter be subjected to a liability because the defendant did not appear at some other time or place. The magistrate had no authority (at least, so far as the surety on the undertaking was concerned) to adjourn the examination, without his knowledge or consent, to any other time or place than that contemplated at the time, and for which the undertaking was given.

This view is sustained by a recent decision of the court of appeals. I refer to the case of People v. Higgins, supra, which case, in principle, cannot be distinguished from this. In that case, when the defendant was arraigned before a magistrate he requested that the hearing of the charge made against him be adjourned until the 9th of March, and pending such hearing he gave an undertaking with a surety. On the 9th of March the hearing, without the consent or request of the surety, was adjourned to the 25th of March, and on that day was further adjourned until the 4th of May, at which time the defendant failed to appear, and an order was entered directing the prosecution of the undertaking. The undertaking provided that the defendant would personally appear on the 9th of March, at a time stated, and "at such other time or times to which adjournments may be had for the purpose of the examination and determination therein." The court on appeal held that:

"The condition of the bond was satisfied by the appearance of the defendant before the court on the 9th of March, and had the trial commenced on that day, without being completed, the obligation of the surety would also extend to subsequent adjournments from time to time for the purpose. of the trial and determination; but neither the statute nor the terms of the bond contemplate or provide for successive adjournments from time to time for an indefinite period, without entering upon the trial, as were had in this case. It may be that such adjournments, when made by consent of the parties, would preserve the jurisdiction of the court over the case and over the parties themselves, but such consent would not enlarge the obligation of the surety. The statute and the instrument itself should be construed in such a way that the surety will be able to know in advance of the execution the full scope and intent of the obligation which he is about to assume. If the parties, without his consent, can continue the proceeding by adjournments for an indefinite time, it would be impossible for him to know when his liability is to end. If these views are correct, the failure of the defendant in the proceeding to appear before the court on the 4th of May was not a breach of the condition of the bond, as the surety was not bound for his appearance at that time."

People v. Scott, 67 N. Y. 585, is also an authority to the effect that the motion to vacate this judgment should have been granted. There the defendant was arrested upon a warrant charging him with the abandonment of his family. An adjournment was had, and a bond given, conditioned for his appearance before the justice of the peace who issued the warrant at 9:30 o'clock on July 3, 1874, "and from time to time as directed by said justice." The hearing was adjourned from time to time, entry thereof being made upon the bond. On September 8, 1874,—an adjourned day,—the defendant did not appear, and the justice made the following indorsement on the bond: "The within-named Joseph E. Rowe within bond be, and the same is hereby, forfeited,"—and directed that the same be prosecuted according to law. Held, that these facts did not estab-

lish a breach of the condition of the bond, and that the surety was not liable thereon.

Upon these authorities and the stipulation, therefore, I do not think the surety is liable because the defendant did not appear on the 21st of March at the time and place to which the proceeding had been adjourned. The surety, as already said, had no knowledge of and did not consent that the examination of the defendant be adjourned to that date. What he obligated himself to do was to produce the defendant on the 7th of March at the time and place mentioned in the stipulation. He complied with that obligation by producing the defendant at that time and place.

For these reasons, I am of the opinion that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

PATTERSON, J., concurs; LAUGHLIN, J., in result.

INGRAHAM, J. (dissenting). This case comes before us upon an appeal from an order denying a motion to vacate a judgment entered upon an order forfeiting a bond given by this appellant to insure the attendance of one George Clark, arrested for a violation of section 344 of the Penal Code, during his examination before a magistrate. The motion was made upon an agreed state of facts, to which is annexed a copy of the bond, and of the order forfeiting the bond. The facts, as agreed upon, are that on February 26, 1901, a magistrate issued a warrant for the arrest of one Clark; that on the morning of February 27, 1901, Clark was arrested under this warrant and arraigned before the magistrate; that Clark being informed of his right to be represented by counsel, and the deposition upon which the warrant was issued having been read to him, he demanded an examination of the charge against him, and requested that the examination be adjourned to a future day; that thereupon the magistrate adjourned the said examination until 2 o'clock p. m. on March 7, 1901, and fixed the bail at the sum of $2,500. The appellant in this proceeding became the bail. The undertaking recites that an information had been laid before a magistrate, charging Clark with a violation of section 344 of the Penal Code, and that he having appeared before said magistrate for an examination of said charge, and the examination having been adjourned "to some other day," the appellant, with the said Clark, "jointly and severally undertake that the above-named George Clark, defendant, shall personally appear before the said city magistrate at the said magistrate's court in the city of New York during the said examination, or that we will pay to the people of the state of New York the sum of twenty-five hundred dollars." There was in this undertaking no time upon which the defendant was to appear before the magistrate. He was to appear "during the said examination." By reference to the Code of Criminal Procedure under which this bond was given, it appears that, in section 188, when a person charged with a crime is brought before a magistrate the magistrate is required to immediately inform him of the charge

against him. He must also allow the person charged a reasonable time to send for and employ counsel, and must adjourn the examination for that purpose. By section 190 it is provided that the magistrate, immediately after the appearance of counsel, or if none appear, and the defendant require the aid of counsel, must, after waiting a reasonable time therefor, proceed to examine the case, unless the defendant waives examination. By section 191 it is provided that the examination must be completed at one session, unless the magistrate, for good cause shown, adjourn it; that the adjournment cannot be for more than two days at each time, unless by consent or on motion of the defendant. By section 192 it is provided that, if an adjournment be had for any cause, the magistrate must commit the defendant for examination, or discharge him from custody, upon his giving bail to appear during the examination. In construing this bond, it must be read in connection with the sections of the Code under which it is given. These provisions for securing to a person charged with crime the aid of counsel upon his examination, allowing an adjournment when the application is made on his behalf for a period exceeding two days, and requiring the magistrate to admit him to bail when an adjournment is allowed, are all for the benefit of the prisoner, and to secure to him an examination conducted according to legal rules, under which his rights may be preserved and protected. The statute contemplates that a person accused of a crime shall have counsel. It contemplates that such counsel shall appear for the defendant, performing the usual duties of counsel in such proceedings. It is also contemplated that an adjournment for a considerable period may be necessary to enable the defendant properly to present his case; and when counsel thus employed appears for the defendant, and moves for an adjournment, and that motion is granted by the magistrate, it must be conceded, I think, that such a motion was a motion made by the defendant, and justifies the magistrate in granting an adjournment. Now, this defendant, when arrested and brought before the magistrate, was informed of his right to be represented by counsel, and the deposition in support of the information was read to him. He demanded an examination, and asked for an adjournment and to be admitted to bail. This was, in effect, the commencement of the proceeding as required by section 188; and upon granting the adjournment the magistrate was bound by section 192 to commit the defendant for examination, or discharge him from custody upon his giving bail "to appear during the examination to make sure of his appearance at the time to which the examination is adjourned." The magistrate was, by section 191 of the Code of Criminal Procedure, required to complete the examination at the session upon which the prisoner is brought before him, unless, for good cause shown, he should adjourn it; but the Code plainly contemplates the necessity for an adjournment after the examination was thus commenced, and, where the adjournment is on motion of the defendant, it may be made for any number of days. From the statement of facts, it appears that the magistrate complied with this request, and adjourned the further examination to March 7th.

To procure the discharge of the defendant, this undertaking was given, and by it the surety agreed to pay to the people of the state of New York the sum of $2,500 unless the defendant should personally appear before the said city magistrate during the said examination. The examination was commenced, and was there adjourned at the request of the defendant. By the express provisions of the undertaking, it was not limited to his appearance before the magistrate upon the 7th of March. If that was the obligation assumed, there is no reason why the magistrate should not have so expressed it. There is no provision allowing the magistrate to require a defendant to give a new bond pending the examination upon the adjourned day, or to commit him to custody when he has once given bail, nor to give the surety notice that the examination had been adjourned, whether the surety was present upon the day to which the examination was originally adjourned or not. When a further adjournment is had, the proceedings upon the adjourned day are a part of the one examination that the statute requires, and until that examination is completed the defendant is bound to appear, whether it takes one or several days. It is to the entire examination, whether one or several days, that the bond applies. Assuming, then, that the surety would have been liable for a failure of the defendant to appear upon the adjourned day, what is it in this proceeding that relieves him from liability? Nothing, except the fact that upon the first adjourned day the examination was, on motion of the defendant's attorney, further adjourned. By the stipulation it appears that, before the hour for which the examination was set, the attorney for the defendant requested an adjournment of the same, which request the magistrate granted. As we have seen, the Code contemplates the appearance of an attorney for a person charged with a crime. By the stipulation, we must assume that the defendant had procured such attorney, and that the attorney was acting for him, and such attorney occupying such relation moved for a further adjournment of the examination. It is not disputed but that the magistrate had the power to grant such an adjournment on motion of the defendant, and certainly the motion of his duly-authorized attorney for such an adjournment must be considered on motion of the defendant. Nor can it be said that the obligation of the appellant was at all affected by the fact that the motion was made by the attorney for the defendant before the hour at which the examination was to take place. I can see no reason why such adjournment, granted under the circumstances detailed, was not an adjournment upon motion of the defendant, and an adjournment which should be granted when essential to the protection of the defendant's rights; and, where the surety voluntarily bound himself to be responsible if the defendant should not personally appear before the magistrate "during the examination," be continued liable upon the bond, unless the defendant appeared upon the days to which the examination was finally adjourned.

In People v. Millham, 100 N. Y. 277, 3 N. E. 197, the court said:

"The purpose of the bond required by the statute is to release the defendant from arrest. Without it, he would have to remain under arrest,

as the examination could not proceed without his presence. If the sureties upon such a bond would be discharged whenever the justices should permit the defendant to leave the room where they were sitting, or whenever they took a recess for dinner, or adjourned to procure the attendance of a witness, or overnight, or over Sunday, or to meet the exigencies contemplated by section 20, the purposes of the statute and of the bond would be defeated. If such were the rule, the defendant would have to be placed under arrest when he came to his examination, or he would have to bring his sureties with him, so as to obtain their assent to the action of the justices. The object of the statute is not only to secure the attendance of the defendant at the adjourned day, but during the trial, until the termination thereof. The bond binds him to appear at and during the examination, which may last one or several days, and which may, from the engagements of the justices or other contingencies, be adjourned from time to time. If this case, after the examination had commenced, had been adjourned over night or over Sunday, would not the sureties have been bound? And, if they would not be discharged in such case, why should they be discharged by any adjournment for several days? After the examination has been entered upon, there is no provision for a new bond; and it is not believed that the justices could exact a new one, and in default thereof order the defendant under arrest. Having given the bond, he is entitled to be at liberty until the close of the examination, and the decision thereon. When an examination is thus continued from day to day or from week to week, it is a continuance of the same court, held by the same justices, and it is the same examination and hearing; and 'the leave to depart' contemplated by the law is the leave to go at the end of the examination, when the same has in some way been brought to a conclusion, so that the presence of the defendant is no longer required for any purpose, or some leave to go finally out of the court or from the court. Here there was no leave to the defendant to depart out of the court or from the examination, but he was required to be and appear on the further hearing of the matter on the adjourned day."

I have quoted at length from this case, as it seems to me to apply to the case at bar, and to be a complete answer to the position taken by the appellant. In People v. Higgins, 151 N. Y. 570, 45 N. E. 1033, the case of People v. Millham was referred to with approval, and the case then under consideration was distinguished because in the Higgins Case the surety was bound if the defendant failed to appear on the 9th of March, or at such other time or times to which adjournments might be had, for the purpose of examination and determination thereon; and it was held that these "last words were not intended to cover the case of successive adjournments by the consent of the parties." The decision of that case seems to have been placed strictly upon the form of the bond, by which the surety was bound if his principal failed to appear on the day named in the undertaking, and that the words used in the city charter under which this bond was given, which allowed adjournments for the purpose of an examination, were, "for the purpose of completing an examination already commenced." But in the Code of Criminal Procedure there is no such provision. There is no limitation upon the power of the magistrate to adjourn an examination on motion of the defendant. In the Higgins Case it was held that neither the statute nor the terms of the bond contemplated or provided for successive adjournments from time to time for an indefinite period, without entering upon the trial, as they were had in that case. In this case there was but one adjournment after the adjournment given upon the execution of this bond.

That was granted on an application made on behalf of the defendant, presumably for his benefit or protection. It was clearly within the power of the magistrate to make it. The necessity of such an adjournment was recognized by the statute, and, the defendant having failed to appear upon the day to which the examination had been at his request adjourned, there certainly seems to me to be no reason why his surety should be discharged. The motion is based upon the most technical reasoning, where the form of the adjournment could have made no possible difference to the surety, and the success of such an application would add a serious obstacle to the efficient prosecution of the criminal law.

I think the order appealed from should be affirmed.

HATCH, J., concurs.