(50 Misc. Rep. 350)

TULLY, Commissioner of Public Charities, v. LEWITZ.

(Supreme Court, Appellate Term. April 24, 1906.)

1. HUSBAND AND WIFE—ABANDONMENT—BOND FOR SUPPORT—ACTIONS—AUTHORITY TO TAKE BOND—EVIDENCE.

　　The police magistrates of the city of New York having jurisdiction generally within the city of proceedings against one as a disorderly person, in that he had abandoned his wife without adequate support, it is not necessary, in an action on a bond purporting to have been given on a conviction before such a magistrate in such a proceeding, that the particular facts which authorize the magistrate to act be averred or proved as part of plaintiff's case in the first instance.

2. ACKNOWLEDGMENT—DEFECTIVELY ACKNOWLEDGED INSTRUMENTS—ADMISSIBILITY IN EVIDENCE.

　　A police magistrate of the city of New York, not being a judge, within Laws 1892, p. 1487, c. 677, declaring the term to mean a judicial officer authorized to hold or preside over a court of record, and not being within

any of the other classes authorized by Laws 1896, p. 609, c. 547, § 248, to take an acknowledgment of a conveyance of real estate, an acknowledgment to an instrument before such a magistrate does not authorize its admission in evidence, under Code Civ. Proc. § 937, providing that an instrument, if otherwise admissible, may be read in evidence, without further proof of its due execution, if acknowledged in the manner and form prescribed by law for the acknowledgment of conveyances of real estate to entitle them to be recorded.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Acknowledgment, § 56.]

3. EVIDENCE—RECORDS—EVIDENCE OF PRODUCTION.

To authorize its admission in evidence as a record, a bond taken in proceedings before a magistrate against one as a disorderly person, in that he had abandoned his wife with adequate support, and conditioned that he make certain payments for her support, must be shown to have been produced from the possession of its lawful custodian, the magistrate's court, in the absence of any law requiring the record to be kept elsewhere.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 1521–1522½.]

4. HUSBAND AND WIFE—ABANDONMENT—BOND FOR SUPPORT—REQUISITES AND VALIDITY—SEAL.

An undertaking given pursuant to Laws 1897, p. 239, c. 378, § 686, providing that one convicted as a disorderly person shall, as a condition of discharge enter into a bond to the people, conditioned to make payments for the support of his wife, is not invalid because having no seal; the Statutory Construction Law, Laws 1892, p. 1488, c. 677, § 16, providing that when a bond is required by law, such requirements shall be deemed to have been complied with on execution of an undertaking to the same effect.

5. SAME—MISDESCRIPTION OF OFFICIAL PAYEE.

The commissioners of public charities of the boroughs of the city of New York having by law been superseded by the commissioner of public charities of the city of New York at the time of execution of a bond conditioned for payment to the commissioner of public charities for the boroughs of Manhattan and Bronx, the commissioner of the city, the payee designated by law to receive payments, will be presumed to have been intended, and the misdescription will not invalidate the instrument.

6. PRINCIPAL AND SURETY—FAILURE OF PRINCIPAL TO SIGN—EFFECT ON SURETY.

Where a bond required by Laws 1897, p. 239, c. 378, § 686, to be entered into, with sufficient surety, by one convicted of being a disorderly person, in that he had deserted his wife, conditioned that he make payments for her support, is prepared in form to be signed by principal and surety, but is in fact signed only by the surety, it is not binding on the surety, in the absence of evidence that her conduct led the officiating magistrate to believe that the instrument should be effectual without the principal's signature, and that he acted on its delivery to him.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Surety, § 46.]

7. WITNESSES—COMPETENCY.

A witness in an action on a bond, given under Laws 1897, p. 239, c. 378, § 686, conditioned for payments for support by one convicted of abandoning his wife without adequate support, is not competent to testify to what had been paid on the bond; it not appearing that he had any knowledge on the subject, but merely that he was the "alimony clerk" in the office of the commissioner of public charities, to which commissioner the payments were to be made.

· 8. OFFICERS—DE FACTO AND DE JURE—ACTIONS.
In an action on a bond required to be brought by the commissioner of public charities of the city of New York, it need not be shown that plaintiff is the commissioner de jure, but it is enough to show that he is the de facto commissioner.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Officers, § 173.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by James H. Tully, commissioner of public charities of the city of New York, against Ida Lewitz. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Charles Goldzier, for appellant.

John J. Delaney, Corp. Counsel, and Herman Steifel, for respondent.

BISCHOFF, J. The action was against the alleged surety upon an instrument, partly written and partly printed, dated the 30th day of March, 1905, which recited that one Sam Lewitz was "duly convicted by Joseph Pool, one of the city magistrates in and for said city" of New York, "of being a disorderly person; that is to say, a person who has threatened to abandon, and has abandoned, his wife in said city without adequate support, and left her in danger of becoming a burden upon the public, and has neglected to provide according to his means for his said wife;" and that "by an order made by said city magistrate, convicting, as aforesaid, on the 28th day of March, 1905, it was determined that the above-named Sam Lewitz should pay to the commissioner of public charities for the borough of Manhattan and the Bronx, of the city of New York, the sum of four ($4) dollars weekly, and every week, for and towards the support of his said wife, for the period of one year next ensuing." In form the instrument purported to bind the said Sam Lewitz and the defendant, Ida Lewitz, separately, each in the sum of $208, to the people of the state of New York for the payment to the said commissioner of the weekly sum for the period mentioned. It purported to have been signed by the defendant Ida Lewitz only, and to have been acknowledged by her before the magistrate therein named in form as required for conveyances of real property to entitle them to be recorded, and bore no seal, or the equivalent of a seal, of the party who executed it.

Upon the trial the plaintiff called but one witness, Frank Kelly, who deposed that he was the "alimony clerk" in the office of the commissioner of public charities of the city of New York, and produced the instrument in suit from the files of his office. It was admitted in evidence over the defendant's objection (1) that the magistrate's authority to require the instrument to be given did not appear; (2) that the defendant's execution of the instrument was not proven, the magistrate being without authority to take the acknowledgment; (3) that the instrument was without a seal, and therefore not a bond, as required by law; (4) that it was conditioned for the payment of the weekly sum therein mentioned to the commissioner of public charities for the boroughs of Manhattan and the Bronx, there being at the time no such official known to the law; and (5) that the instrument was ineffectual,

832    98 NEW YORK SUPPLEMENT    (Sup. Ct.
and 132 New York State Reporter

in that it was not executed by the principal, Sam Lewitz. The witness
also was permitted, over the defendant's objection, to testify to the
amount of the weekly sum claimed to be due and unpaid, without
having been shown to be competent in that respect. No further proof
was attempted by either party, and the justice rendered judgment for
the plaintiff in the amount claimed, $28, and costs.

As we view it, the judgment is wholly unsupported by any competent
proof of the execution by the defendant of the alleged instrument sued
upon. Proceedings for the prosecution of one charged with being a
disorderly person, in that he has abandoned his wife, may be instituted
under the provisions of the charter of the city of New York (Laws
1897, p. 1, c. 378, as amended by Laws 1901, p. 1, c. 466), or those of
the Code of Criminal Procedure; the difference between the several
provisions being that, if the proceedings are under the charter, the
security for the support of the wife must be taken in the name of the
people of the state; that it must be in the form of a bond, into which
the offender must enter with good and sufficient surety, to be approved
by the magistrate; that it can be required after conviction only; that
for a breach of its condition the instrument must be prosecuted in the
name of the commissioner of public charity of the city (sections 686,
687); and if under the provisions of the Code of Criminal Procedure,
the security can be required only before conviction, or after conviction
and commitment (Code Cr. Proc. §§ 901, 902, 907); that it must be
an undertaking, with one or more sureties approved by the magistrate,
in which the offender is not necessarily required to join (section 901);
and that, if forfeited, it must be prosecuted, if in the city of New
York, in the name of the corporation of that city (section 905). Bear-
ing these differences in mind, it is obvious that the instrument in suit
purports and is claimed to have been given in proceedings instituted
under the charter provisions. It was given after the conviction of
the offender. The convicted person is named as a party thereto. The
obligors are in terms bound to the people of the state, and it is pros-
ecuted in the name of the commissioner of public charities of the city
of New York.

The police magistrates of the city of New York have jurisdiction
generally within the city of cases of the kind in which the instrument in
suit purports to have been given, and it was not necessary, therefore,
that the particular facts which authorized the magistrate to act in the
proceedings recited in the instrument should be averred or proved as a
part of the plaintiff's case in the first instance. As was said, per Bron-
son, C. J., in People v. Kane, 4 Denio, 530, 545:

"It is undoubtedly a well-settled and highly important principle that,
before any one can be affected by the judgment or order of a court or officer
of special or limited jurisdiction, it must not only appear that the court or
officer had authority to act in cases of that kind, but that jurisdiction had
been required in the particular case. But there is an obvious distinction
between cases where a charge or burden is attempted to be fastened upon a
party by a proceeding in invitum, and those where the charge or burden
springs from his own voluntary act. Here the defendant went before an
officer duly authorized to let to bail, and subscribed a recognizance for the
appearance of Murray to answer a charge of forgery, and the instrument has
been filed of record, and I cannot think the recognizance void because it
fails to recite the particular facts which led to the taking of it, nor that it

is necessary in declaring to make any averment by way of fortifying or upholding the record."

The case cited overruled People v. Koeber, 7 Hill, 39, and People v. Young, 7 Hill, 44, and was approved in Champlain v. People, 2 N. Y. 82, where the court (per Ruggles, J.) said:

"But where, as in the case of a recognizance, it appears to be the voluntary act of the party, the presumption is and ought to be in favor of the regularity of the proceeding which led to it, and of the validity of the instrument itself, until the contrary be shown, or unless the want of authority to take it appear upon the paper itself. In this case the commissioner had a general authority to take bail in all cases, and, the condition being that the defendant appear and answer to an indictment to be preferred against him for forgery, sufficiently shows that he was charged with that crime."

The instrument in suit, however, was not shown to have been executed by the defendant. By section 937 of the Code of Civil Procedure, any instrument, except a promissory note, a bill of exchange, or a last will, if otherwise admissible, may be read in evidence, if acknowledged in the manner and form prescribed by law for the acknowledgment of conveyances of real property to entitle them to be recorded. without further proof of its due execution; and by section 248 of the real property law (Laws 1896, p. 609, c. 547) such acknowledgments, if taken within the state, must be before a justice of the Supreme Court, a judge, clerk, deputy clerk, or special deputy clerk of a court within the district where such judge, clerk, deputy clerk, or special deputy clerk is authorized to perform official duties, a notary public, or the mayor or recorder of a city, a justice of the peace, surrogate, special surrogate, special county judge, or commissioner of deeds. Section 6 of the statutory construction law (Laws 1892, p. 1487, c. 677) provides that the term "judge" shall be construed to mean "every judicial officer, authorized alone, or with others, to hold or preside over a court of record;" and as a police magistrate of the city of New York answers the description of neither class of persons authorized to take acknowledgments, it necessarily follows that the attempted acknowledgment to the instrument in suit was ineffectual to render the instrument admissible in evidence. Again, a recognizance is part of the record of the proceedings in which it is taken. "A bond in such a proceeding is not to be considered merely as a contract between the parties. It is something more. It is a part and parcel of a judicial proceeding, and unless the officer who required the party to give it * * * had jurisdiction of the person and of the case it is void." People v. Higgins, 151 N. Y. 570, 577, 45 N. E. 1033. A recognizance is an obligation of record, and thus imports verity. 3 Am. & Eng. Ency. of Law, 686. Moreover, the security prescribed by the provisions of the charter and Code of Criminal Procedure is the magistrate's warrant for the discharge of the offender from custody. Thus it must necessarily be a part of the record of the proceedings in the magistrate's court. If relied upon as a record, it must be shown to have been produced from the possession of its lawful custodian, the magistrate's court, in the absence of any provision of law requiring the record to be kept elsewhere. Proof, therefore, that it was produced from the files of the commissioner of public charities

was not competent for the admission of the instrument sued upon in evidence.

We attach no importance to the objection that the instrument is not a bond, as required by the charter, because without a seal (Tiffany v. Lord, 65 N. Y. 310), in view of the provision of the statutory construction law (Laws 1892, p. 1488, c. 677, § 16), that whenever a bond is by law authorized or required to be given, such authority or requirement shall be deemed to have been complied with upon the execution of an undertaking to the same effect. Furthermore, the instrument is not to be invalidated because of a misdescription of the officer to whom the weekly payments therein provided for were required to be made. The commissioners of public charities of the several boroughs comprising the city of New York having by law been superseded at the time of the execution of the instrument by the commissioner of public charities of the city of New York, it will be presumed that the latter was intended by the defendant as the person or official to whom the payments were to be made; there being no other person or official to answer the description. He alone was authorized by law to prosecute the instrument, and to receive payment of any sum or sums to grow due and payable thereunder. In such a case an omission or mistake in the name of the obligee or payee is cured by the provision of law, and the obligee or payee designated by law will be presumed to have been intended as the person or official to receive payment. 4 Am. & Eng. Ency. of Law, 645; Bay County v. Brock, 44 Mich. 45, 6 N. W. 101; cited with approval in State v. Wood, 51 Ark. 206, 10 S. W. 624; N. Y. African Soc. v. Varick, 13 Johns. 38; Wiser v. Blachly, 1 Johns. Ch. 607.

The errors in the admission in evidence of the instrument in suit, and hereinbefore pointed out, imperatively call for reversal of the judgment, and reference, therefore, to other errors may seem mere supererogation. However, we shall briefly notice such for the guidance of the court below and counsel should it be deemed advisable to proceed further with the action.

As contained in the record, the instrument sued upon appears ineffectual because not executed by the defendant's principal. That the principal did not "enter" into the obligation in conformity with the charter provision is of no importance except as bearing upon the intention of the defendant, hereinafter noticed. Her recourse to the principal, in the event of an actual liability, was complete without his joinder, and the provision requiring him to join in the execution of the instrument was obviously intended only as additional security to the obligee, which could be waived, and was waived, if the instrument was delivered by the defendant knowing or intending that her principal's discharge from custody would follow, without more, and such delivery was acted upon by the magistrate. In that case the defendant would be estopped from thereafter questioning the validity of the instrument for her principal's nonjoinder therein. As to this, however, the record is entirely mute. Ordinarily, the burden is upon the surety to show that delivery of the obligation to the obligee, executed by the surety only, was conditioned upon its execution also by others named as parties thereto (Chouteau v. Suydam, 21 N. Y. 179, 181); and such,

we think, appears from fair inference from the facts, so far as they are contained in the record. Presumptively, the magistrate and the defendant knew of the charter provision which required the principal to join, and intended to comply therewith. The instrument was prepared to be signed, in form, by both principal and surety; evidence of such intention. Execution by the one had necessarily to precede that of the other. So far it appears to have been the mutual intention of the magistrate and the defendant that the instrument should be signed by the principal as well. Without anything, therefore, to show that the officiating magistrate in any way acted upon the delivery to him of the instrument in its apparently incomplete condition, we are unable to say that it was the defendant's intention, or that her conduct led the magistrate to believe that the instrument should be effectual without the principal's signature.

The question asked of the plaintiff's witness, Kelly, "Upon this undertaking, can you tell how much has been paid by the defendant"? was so obviously incompetent that comment thereon seems unnecessary. It nowhere appeared that the witness had any knowledge upon the subject, and we cannot infer from the fact alone that he was the "alimony clerk" in the office of the commissioner of public charities that he had.

A further objection to the judgment is made that the plaintiff was not shown to be the commissioner of public charities of the city of New York de jure. No such objection was taken upon the trial, and it was sufficient that it appeared that the plaintiff was the de facto commissioner. His title to the office was not triable in this action.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

