CHARLES S. REED *vs.* JOHN A. STEVENS.

Franklin.    Opinion May 23, 1921.

*Marriage between the parties, one of whom is bringing the suit, must be strictly proved in civil actions for criminal conversation.*

1. In civil actions for criminal conversation, marriage between the parties, one of whom is bringing the suit, must be strictly proved.
2. An unauthenticated and unexemplified document from another State, purporting to contain a marriage record and to be signed by a person purporting to be a city clerk is inadmissible in this State to prove the marriage.

On exceptions by defendant.    This is an action for criminal conversation.    The plaintiff in proving marriage was allowed to introduce a copy of the record of the marriage of plaintiff to the woman who it was alleged was guilty of the charge, in Dover, New Hampshire, certified by the clerk of that city, to be correct to the best of his knowledge and belief, and defendant excepted.    Exceptions sustained.

Case is stated in the opinion.

*C. C. Holman, and C. N. Blanchard,* for plaintiff.

*Frank W. Butler,* for defendant.

SITTING:    CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, JJ.

CORNISH, C. J.    Case of criminal conversation.    To prove marriage the plaintiff was allowed to introduce a document which after giving the name, age, residence, occupation, etc. of the parties, the name and

official station of the person performing the ceremony, date and place of marriage, etc., concludes: "The State of New Hampshire. I hereby certify that the above marriage record is correct to the best of my knowledge and belief. Fred E. Quimby, Clerk of Dover, N. H." (Seal). Seasonable objection to the introduction of this evidence was made and exceptions taken thereto as well as to instructions as to its legal effect as contained in the charge to the jury. It is necessary to consider only the first point, its admissibility, in this action.

It is familiar law that in civil actions for criminal conversation, as in criminal prosecutions for adultery and bigamy, marriage between the parties, one of whom is bringing the suit, must be strictly proved. *Damon's Case,* 6 Maine, 148; *Snowman* v. *Mason,* 99 Maine, 490. "Positive proof of a legal marriage" is the language of the court in *Pratt* v. *Pierce,* 36 Maine, 454. If the marriage is solemnized in this State a certified copy of the record of the town or city clerk is admissible under R. S., Chap. 64, Sec. 15, viz: "A copy of a record of marriage duly made and kept, attested or sworn to by a justice of the peace, commissioned minister or town clerk, shall be received in all courts as evidence of the fact of marriage;" and also under R. S., Chap. 64, Sec. 37, which reads: "The town clerk's record of any birth, marriage or death or a duly certified copy thereof, shall be prima facie evidence of such birth, marriage or death, in any judicial proceeding." These statutes, however, apply only to records of town clerks within this State. They have no extra territorial force. They do not apply to records in New Hampshire. All legislative acts binding or conferring authority upon private persons or officials are intended to affect only those who are within the limits of the sovereignty enacting such legislative acts. *Bramhall* v. *Seavey,* 28 Maine, 45, 49; *Holbrook* v. *Libby,* 113 Maine, 389.

We have left then only a paper purporting to be the certificate of one Fred E. Quimby designating himself as clerk of Dover, N. H. and under seal, stating that "the above marriage record is correct" to the best of his knowledge and belief. It does not even state that it is a true and attested copy of the record. But waiving that technical objection and viewing the certificate as substantially meeting that formal requirement, still it is entirely unvouched for and unauthenticated. It cannot prove itself.

There is a statute in this State admitting in evidence duly authenticated copies of the records and proceedings of any court of the United

States or of any State. R. S., Chap. 87, Sec. 128. But we have no statute under which certified copies of documents and records not of a judicial nature coming from another State are rendered admissible in our courts. Only judicial records are provided for.

The Federal Law, however, deals with this subject. Under the full faith and credit clause of the Federal Constitution, Article IV, Section 1, Congress has prescribed the manner in which such public but non-judicial records may be proved and the effect thereof. It is as follows: "All records and exemplification of books, which may be kept in any public office of any state or territory, . . . . not appertaining to a court, shall be proved or admitted in any court or office in any other state or territory . . . by the attestation of the keeper of the said records or books, and the seal of his office annexed, if there be a seal, together with a certificate of the presiding Justice of the court of the county, parish or district in which such office may be kept, or of the governer or secretary of state, the chancellor or keeper of the great seal of the state or territory . . . that the said attestation is in due form and by the proper officers" etc. U. S. Comp. St. 1916, Section 1520. In a trial for bigamy in Alabama a copy of the records of a former marriage in Tennessee authenticated as required by this statute was held admissible. *Witt* v. *State*, 5 Ala., App., 137, 59 So., 715. This does not of course exclude the common law method of proving the records by an examined copy sustained by the oath of the person making the comparison. That method has always been and still is recognized. *State* v. *Lynde*, 77 Maine, 561; *State* v. *Howard*, 91 Maine, 396; *State* v. *Martel*, 103 Maine, 63; *Rumford* v. *Upton*, 113 Maine, 543, 549. But there is no claim that the copy offered in the case at bar comes under that rule. It is presented as a certified copy, but it entirely lacks the authentication required by the Federal Statute. None of the officials named certifies that the attestation by Fred E. Quimby is in due form and by the proper officer. And such certificate is a pre-requisite to the admission of the record in evidence. See cases cited in note 12 to Vol. 3, U. S. Comp. St., Sec. 1520.

But it has been held further that in order to render even properly certified and authenticated copies of non-judicial records from another State competent evidence under the Act of Congress, two preliminary facts must be proved, first, that the record is one that is required to be kept by the law of that State, and second, that a certified copy of

the record would there be received in evidence. Such records can have no greater force under the constitution and under the Act of Congress, in the State where offered than in their own jurisdiction. Therefore their force and admissibility in their own State must first be proved. This can be proved in Maine in the manner provided in R. S., Chap. 87, Sec. 130, by printed copies of the statutes of that State or if unwritten law, by the testimony of experts learned in that law and by reports of decided cases in the courts of that State. 10 R. C. L., Section 314, Page 1108; *Wilcox* v. *Bergman*, 96 Minn., 219, 5 L. R. A., N. S. 938 and note. No evidence was offered in the case at bar showing whether the city clerk was the official under the New Hampshire law whose duty it was to keep a record of marriages and therefore the proper official to make the copy, nor whether a copy of the record certified by him is admissible in evidence in the courts of that State. Because therefore of lack both of authentication and of this preliminary proof as to New Hampshire law, this certificate was improperly admitted.

It is significant that while our Legislature has not made the certified copies of marriage records in another State admissible in this State, it has provided that when residents of Maine go into another State for the purpose of marriage and it is there solemnized and they then return to dwell here, they shall file a certificate of their marriage with the clerk of the town where they each resided, within seven days after their return, under a penalty of twenty dollars in case of failure to do so, R. S., Chap. 64, Sec. 8, and the clerk shall record the marriage.

This would seem to imply that if these steps are taken the State of Maine then recognizes this certificate as prima facie evidence of marriage, and to that extent adopts the foreign records as its own. But there is no evidence that these steps were taken in this case. They should have been as the groom is stated in the certificate to be a resident of Livermore Falls, and the bride a resident of Canton, both in this State, while the marriage was performed in New Hampshire. Therefore this statute can furnish no relief.

While this decision may seem in these liberal days to be ultra technical, it must be remembered that in cases of adultery and bigamy to which this rule of strict and positive proof of marriage applies, personal liberty is at stake, and the rules of evidence should

be so strict as to prevent if possible the introduction of a false certificate. It imposes no hardship, but only the requisite diligence and care on the part of those offering the evidence of marriage, in order that no mistake be made.

*Exceptions sustained.*