[No. 18162.   Department One.   December 6, 1923.]

# H. R. INGERSOLL, *Respondent*, v. W. J. OLWELL *et al.*, *Appellants*.[1]

EVIDENCE (131)—DOCUMENTARY EVIDENCE—MAPS. It is not error to admit in evidence a map of the scene of the accident, offered merely as illustrating the evidence, though it was not drawn to a scale or accurate nor shown who made it, where the jury was made aware of such facts.

DAMAGES (99)—PLEADING—SPECIAL DAMAGES—LOSS OF SALARY. Where, in a personal injury case, the complaint claimed special damages in the loss of salary, which would continue for a long time, the jury may allow for loss of salary up to the time of the trial, without the filing of any supplemental complaint therefor.

TRIAL (98)—INSTRUCTIONS—REQUESTS—NECESSITY. Error cannot be assigned on the failure to give specific instructions in the absence of a request therefor.

SAME (100, 101)—INSTRUCTIONS—REQUESTS—FORM AND REQUISITES—INSTRUCTIONS ALREADY GIVEN. It is not error to refuse a requested instruction which is already covered by instructions given and is not a complete statement of the law.

Appeal from a judgment of the superior court for King county, Smith, J., entered April 21, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in an automobile collision. Affirmed.

*Reynolds, Ballinger & Hutson,* for appellants.
*Elias A. Wright* and *Sam A. Wright,* for respondent.

MACKINTOSH, J.—On a Sunday afternoon in October, 1922, in the Cascade mountains, near a curve on the Sunset Highway, an automobile called a "bug," driven by the respondent, collided with a Dodge automobile driven by the appellant, and one of the results was this lawsuit, in which the jury returned a verdict in

[1]Reported in 220 Pac. 775.

favor of the respondent for $2,000 in compensation for his injuries. The court's denial of the appellant's motion for a new trial and its rendering of judgment in favor of the respondent are alleged to be erroneous, for the reason that the evidence was insufficient to justify the verdict.

As is usual in cases of this nature, the eye-witnesses, after detailing their presence and opportunity to have seen everything that transpired, proceeded to deny the accuracy of each other's vision, and thus raised a question which the jury alone is competent to decide. It is alleged here, however, that the accuracy of the appellant's witnesses must be accepted as a matter of law, for the reason that it is corroborated by certain exhibits introduced by the appellant consisting of photographs which demonstrate that the accident could not have occurred as testified to by the respondent's witnesses, under what are called "well known laws of physics." The trouble here is that the testimony is again in conflict and the accuracy of the photographs is not conclusively established, and once more a question of fact arises which the jury alone is competent to determine.

There was introduced on behalf of the respondent a map showing the location of the road and curve. It is objected that the reception of this map in evidence as an exhibit was erroneous, for the reason that it is not accurate and that there appear upon it representations as to the location of the car, and it is not shown who had prepared the map. It is admitted that the map is not drawn to scale, and its admission was allowed for the mere purpose of illustrating the testimony of the witnesses and to give the jury a general idea of the situation, and the jury was made aware of the fact that the map was not accurate and that it was only introduced as an aid to it in understanding the testi-

mony of the witnesses. We find no error in this. *Deitchler v. Ball,* 99 Wash. 483, 170 Pac. 123.

The next error alleged is that the court instructed the jury that it might take into consideration in arriving at the amount of the verdict to which respondent might be entitled "loss of salary, if any." The objection to this instruction is that the jury thereby was allowed to assess damages for the loss of salary which accrued after the date of the filing of the original complaint, and that, in order to entitle the respondent to such a recovery, it would be necessary for him to file a supplemental pleading showing facts which occurred subsequent to the filing of the original complaint and up to the time of the trial. Though it may be that the loss of wages is a special damage and cannot be proved unless specially pleaded, an examination of the complaint shows that it claimed such special damages, and does not confine them to such as may have accrued at the time of the filing of the complaint. The complaint alleged that, by reason of his injuries, the plaintiff had been incapacitated from that time until the time the pleading was prepared, and "will be incapable for a long time to come, and will never again be able to perform the duties of a city fireman, which was his occupation in the past, and that he has lost his wages since that time, and will lose his wages for a considerable time, and, in fact, will never again be able to resume his occupation and be able to earn the salary he was able to earn before." We fail to see how any supplemental pleading could have added any more information than this original complaint already had, nor more clearly present a claim for loss of wages from the time of the injury up to the time of the trial. *Smelser v. Barnes,* 125 Wash. 126, 215 Pac. 369.

Objection is also made to the giving of an instruction which embodied the respondent's theory of the appel-

lant's legal liability. As we understand the appellant's contention in this regard, it is not that the instruction in itself is erroneous or misstates the law, but the argument, in effect, is that the court, having given a proper instruction upon the respondent's theory of the case somewhat elaborately, should also have given an equally elaborate instruction upon the appellant's theory, although no specific instruction of that kind was asked of the court. We do not feel that there is any merit in this objection.

The last error assigned is that the court refused to give the appellant's first requested instruction. But in answer to this assignment it appears that the substance of the instruction was fully given by the court; and, in the second place, that the instruction itself was not a complete statement of the law applicable to the situation, for though it properly stated that the driver of a car would be guilty of negligence if, at the time of the accident, he was on the wrong side of the road, yet it does not follow, as the instruction states, that a person so violating the law could not recover, for he might still recover if the jury should find that the violation of the rules of the road was not the proximate cause of the injury. For these reasons the court was not in error in failing to give the requested instruction. Finding no error, the judgment is affirmed.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.