(No. 15574.—Reversed and remanded.)

MARY DAILEY, Defendant in Error, *vs.* THE GRAND LODGE BROTHERHOOD OF RAILROAD TRAINMEN, Plaintiff in Error.

*Opinion filed February 19, 1924.*

1. BENEFIT SOCIETIES—*when a declaration of the beneficiary is admissible in evidence—impeachment.* In an action on a benefit certificate, where the issue is whether the deceased misrepresented his age in his application for membership, a declaration by the beneficiary signed and sworn to by her for the purpose of securing the benefits due upon the certificate, and in which the date of birth of the deceased is given, is relevant to the issue, and is not rendered incompetent, as being a matter of impeachment, by the fact that it is offered in evidence by the defendant after calling the beneficiary as its own witness to prove the signature.

2. SAME—*when purported letter of the plaintiff is properly excluded.* Where the defendant has called the plaintiff as its own witness, a letter which the defendant presents to the witness and which she denies was written by her is properly denied admission in evidence.

3. SAME—*when an instruction is properly modified to keep issue before the jury.* Where one of the issues in an action on a benefit certificate is whether there was an accord and satisfaction, an instruction stating that if the defendant paid the plaintiff a certain sum "for the purpose of settling and adjusting her claim, which sum was accepted by her for that purpose, then the plaintiff can not recover," is properly modified by the court striking out the word "which" and inserting in its place the words "and if that."

4. EVIDENCE—*when copy of record of application for a foreign marriage license is not admissible.* Marriage is a civil contract regulated by statute, and registers of marriages are competent evi-

dence as having been made by public authority under the sanction of official duty and pursuant to the statute of the State in which they are made, but the court may exclude from evidence a purported copy of a record of an application for a marriage license in another State where there is no evidence of any law of the State upon the subject of marriages or for keeping a registry.

5. SAME—*what unofficial records are admissible to prove the fact recorded.* Unofficial records, such as entries in family Bibles and entries in church registers kept in accordance with church law or usage, are admissible in evidence to prove the facts recorded, for the reason that they are made under such conditions as to create confidence in their truth.

6. SAME—*a church record of baptism is admissible to show the fact, date and place of baptism.* A church record of baptism made under church law or usage by the church official performing the ceremony is admissible in evidence to show the fact, date and place of baptism, but it is not competent to prove the date of birth of the party baptized, even though stated in the record, except that it necessarily shows the birth to be before the baptism.

7. SAME—*church records are not proved by certified copies.* Entries in church registers do not come within the provisions of the act on evidence and depositions authorizing the admission of a copy certified as therein provided, but they are proved by the records or copies examined and sworn to by credible witnesses, with proof that the records were found in the custody of the officer whose duty it was to keep and preserve them.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

WILLIAM P. LAUNTZ, for plaintiff in error.

FARTHING & FARTHING, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Mary Dailey, defendant in error, brought her suit in the circuit court of St. Clair county against the Grand Lodge Brotherhood of Railroad Trainmen, the plaintiff in error, upon a benefit certificate issued to her husband, Thomas P.

Dailey, payable to her upon his death. The defendant is a fraternal beneficiary society, and membership is limited to persons not less than eighteen and not to exceed forty-five years of age on the date application is presented for membership. The declaration alleged that on May 2, 1913, Thomas Patrick Dailey, also known as Thomas P. Dailey, husband of the plaintiff, became a member of More Shade Lodge No. 706, a subordinate lodge of the defendant, upon his application. The defendant filed a plea of the general issue and special pleas. The court sustained a demurrer to a special plea that the insured misrepresented his age in his application and was not eligible to membership, and a special plea setting up the defense of accord and satisfaction. The court sustained a demurrer to the pleas, and defendant standing by its pleas, judgment was rendered against it for $1425.50. The defendant appealed to the Appellate Court for the Fourth District and assigned errors in sustaining the demurrer to these special pleas. The Appellate Court decided that the pleas presented good defenses to the action, and the judgment was reversed and the cause remanded. The case was re-instated in the circuit court and there was a trial by jury, resulting in a verdict for $1425.50. Judgment was entered upon the verdict, and upon an appeal to the Appellate Court for the Fourth District the judgment was affirmed. On petition to this court for a writ of *certiorari* to the Appellate Court the writ was granted.

The issues at the trial were whether Thomas P. Dailey in his application misrepresented his age as forty-four years and three months, when, in fact, he was of the age of forty-eight years eight months and three days and not eligible to membership, and whether there had been an accord and satisfaction by the payment of $174.50 to the plaintiff, accepted by her in satisfaction of her claim.

The plaintiff introduced in evidence the application of Thomas P. Dailey for a beneficiary certificate, in which he gave the date of his birth as November 28, 1868, and his

age forty-four years and three months, the beneficiary cer-
tificate dated April 24, 1913, evidence of the death of Dailey
in 1919, correspondence between the plaintiff and officers of
the defendant, and the payment to the plaintiff of $174.50.

The defendant called the plaintiff, Mary Dailey, as a
witness and showed her a paper entitled "Declaration of
Beneficiary," signed and sworn to by her on August 15,
1919, in which she certified that the answers therein con-
tained were true and correct to the best of her knowledge
and were made for the purpose of securing the amount
of benefits due upon the beneficiary certificate. That dec-
laration gave the date of birth of Thomas P. Dailey as
November 28, 1867, which would make his age at the time
of his application more than forty-five years. She said
that the signature was her writing, and the defendant
offered the paper in evidence, and the plaintiff objected
that the purpose of offering it was to impeach the wit-
ness, who had been called by the defendant. The court
did not rule on the objection but said that the paper had
no relevancy to the issue and excluded it. The objection
made was groundless and could not have been sustained.
The witness had answered, without objection, that she
signed the paper, and, regardless of what she said, it was
signed and sworn to by her. The defendant had a right
to offer the declaration in evidence to show that the age
stated therein by the plaintiff would make Dailey ineligible
to membership and the certificate void, and it was in no
sense a matter of impeachment. It was relevant to the
issue, and there was no explanation made or offered with
respect to it or its truth.

The defendant also inquired of the plaintiff whether
she wrote a letter presented to her, and she denied that
she wrote it. The court did not err in refusing to admit
that letter in evidence.

The defendant produced a paper purporting to be a
copy of a record in the office of the recorder of deeds of

St. Louis, Missouri, of an application of Thomas P. Dailey and Mamie Madden to procure a license to marry, on July 3, 1890, in which Dailey stated his age to be twenty-six years. A witness was called and the defendant attempted to prove that the paper was an examined copy of the original record. This was not permitted and an objection to the paper was sustained. The paper also bore the certificate of the recorder of deeds, under his official seal, that it was a true copy of the application for marriage license by Thomas P. Dailey and Mamie Madden as the same remained in his custody. Marriage is a civil contract regulated by statute, and registers of marriages made pursuant to the statute of any State are competent evidence. It is because they are made by public authority and under the sanction of official duty that they are received in evidence. (1 Greenleaf on Evidence, sec. 484.) There was no evidence of any law of Missouri upon the subject of marriages or any provision for keeping a registry or by whom, and for that reason the court did not err in excluding the paper. *Tucker* v. *People*, 117 Ill. 88.

A witness for the defendant testified that he examined the baptismal record in the Old Cathedral Church in St. Louis, Missouri, and that a paper produced was a copy of such record by examination and comparison. The paper was then offered in evidence and is as follows:

"THE OLD CATHEDRAL CHURCH,
*St. Louis, Mo., Dec. 1, 1919.*

"*To whom it may concern*—Dec. 2, 1866, I baptized Thomas, son of Patrick Dailey and Fanny Ives, both from Ireland. Born Nov. 25th, 1866.

"Sponsors: John Sweeny and Margaret Daley.
FERREL GIRARDY, CSSR."

"I hereby certify the above to be an exact extract from the baptismal records as kept at the Old Cathedral Church, St. Louis, Mo.
P. C. SCHULZE, *Assistant Pastor.*"

There is a class of records not kept by public officials as a part of official duty with the attending sanction nor

authorized by statute to be proved by a certified copy, and therefore not coming within any provision of the act on evidence and depositions, but which are admissible in evidence to prove the fact recorded. These records are of such a character and made under such conditions as to create confidence in their truth and they are universally acted upon as evidence of the facts recorded. Entries in family Bibles are not made by any official nor as a public official duty but are evidence of the facts recorded, and entries in church registers kept in accordance with church law or usage are for similar reasons evidence of the facts therein stated. The duty of the church official to record the fact, its character in connection with a religious ceremony, and its general nature, create confidence in its truth recognized by the courts. Baptism is a solemn sacrament of the church, and the want of personal interest of the church official performing the ceremony, the duty under church law or usage to record the fact, and its moral nature, make the entry competent evidence of the fact and date of the baptism. (*Blackburn* v. *Crawfords,* 3 Wall. 175; *Kennedy* v. *Doyle,* 10 Allen, 161; *Hunt* v. *Supreme Council of Chosen Friends,* 64 Mich. 671; *Royal Society* v. *McDonald,* 59 N. J. L. 248; 5 Chamberlayne on Evidence, sec. 3498; 1 Greenleaf on Evidence, sec. 493; 10 R. C. L. 1138; 22 Corpus Juris, 901.) The register, however, is admissible only to show the fact, date and place of baptism. It is not evidence of anything not a part of the act, such as the date of birth of the child, except, as a matter of course, that the child was born before the baptism. The record, or a copy only, is admissible, and a mere written statement by a priest is not competent. (*People* v. *Cassidy,* 283 Ill. 398.) Such records do not come within the provisions of the act on evidence and depositions authorizing the admission of a copy certified as therein provided, but they are proved by the records or copies examined and sworn to by credible wit-

nesses, with proof that the record was found in the custody of the officer whose duty it was to keep and preserve it. A copy of the baptismal register with such proof was competent evidence that Thomas Dailey was baptized on December 2, 1866, and it would necessarily show that he was born before he was baptized, although the statement that he was born November 25, 1866, would not be evidence of that fact. As offered, the paper was a certified copy of the baptismal register, certified by the keeper of the baptismal records of the church, and it was not admissible as a certified copy.

On the issue of accord and satisfaction there was evidence of correspondence between the plaintiff and the officials of the defendant in which her claim was disputed and $174.50 was paid to her. The defendant asked the court to give the following instruction to the jury:

"The jury are instructed that if the plaintiff made a claim on the benefit certificate issued to her husband, Thomas P. Dailey, and the defendant disputed its liability in good faith, that made it a fair subject of compromise, and if the defendant paid the plaintiff the sum of $174.50 for the purpose of settling and adjusting her claim, which sum was accepted by her for that purpose, then the plaintiff cannot recover, and the jury should return a verdict for the defendant."

The court struck out the word "which" and inserted in its place the words "and if that," and gave the instruction as so changed. The modification was proper to make it clear that the evidence should show the acceptance of the sum of money by the plaintiff for the specific purpose stated and to obviate any possible inference that the court treated the sum as accepted as an accord and satisfaction.

The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*