Argued November 22, 1929; affirmed February 25, 1930

## WALLING *v.* VAN PELT

(285 P. 262)

*Henry E. Collier* of Portland (Collier, Collier & Bernard of Portland on the brief) for appellant.

*Guy O. Smith* of Salem for respondent.

McBRIDE, J.  This is an action brought by the plaintiff, Fay Walling, to recover damages on account of the alleged reckless and unlawful management of an automobile driven by the defendant Cora Van Pelt resulting in a collision.

The testimony introduced on behalf of the plaintiff indicates that the defendant was driving a car in a northerly direction on the east side of Commercial street in the city of Salem, which street runs approximately in a northerly and southerly direction. Intersecting this street at right angles is Owens street, running in an easterly and westerly direction. The plaintiff was riding on a motorcycle operated by her brother on Commercial street, and traveling in a southerly direction. Plaintiff claims that, when the motorcycle, upon which she was riding, approached the northerly intersection of Owens street with Commercial street, the car driven by defendant approached the southerly intersection of said streets simultaneously and that being on the right-hand side of Commercial street the motorcycle had the right of way over the car driven by defendant, and that defendant unlawfully and recklessly drove her car on a left-hand turn into Owens street and did not go north of the center of the intersection of the two streets, but, upon the contrary, drove to the left of the center of the intersection thereby causing the collision. Defendant claims that she had the right of way and that she was the first to arrive at the intersection; that she drove carefully north of the center of the intersection as the law required her to do; that the driver of the motorcycle drove in ahead of her, and that the collision was occasioned by the negligence of the driver and the plaintiff.

It will be seen that the question, as to whether defendant "cut the corner" in attempting to make a

left-hand turn, was a very material question, as the law requires a person making a left-hand turn, under the circumstances, to go beyond the center of the intersection. The whole testimony is not brought up, but only a bill of exceptions showing the materiality of the testimony hereinafter adverted to and which appears in the transcript.

George Thomason, a police officer of the city of Salem, was called as a witness on behalf of the plaintiff and testified substantially that he was present at the scene of the accident a short time after it occurred, he not being able to fix the exact time, but while the crowd that usually gather on such occasions was still present, and the defendant's car was on the south side of Owens street near the line of the west intersection with all its wheels on the parking north of the south sidewalk of Owens street and that the defendant was there when he arrived. He identified the defendant's car and she told him about where she turned on the street, and he further testified that there were skid marks, from the point of collision running back in an easterly direction about 10 feet, which indicated that the brakes of defendant's car had been applied for that distance before the collision occurred. He showed a map, which, he testified, was made by him on the ground and which he said was correct with the exception that he did not make it to a scale. The marks of the car, indicating the direction of defendant's car from the east side of Commercial street, were depicted on the map, and also the center of the intersection. The map, so drawn by Thomason, indicated that the skid marks of defendant's car were several feet south of the intersection and tended to show that defendant had not gone north of the intersection as the law required.

He was quite positive as to the identity of the skid marks and the general correctness of the map. After an examination and cross-examination of both parties, the map was offered in evidence and objected to as immaterial and incompetent by the defendant's counsel, which objection being overruled and the map being accepted in evidence, the defendant excepted to the ruling and this is substantially the sole ground of appeal in this case.

Defendant's contention is that the map so offered was a memorandum under § 859, Or. L., and, while it might have been used by the witness to refresh his memory, it can not itself be introduced. We think the map was not a memorandum within the meaning of this section. A writing is one thing and a map is entirely a different thing, and, while the witness may use a memorandum that is a writing, concerning the matter in dispute, to refresh his memory, the introduction of a map rests upon entirely different principles.

We have diligently examined the authorities and have found no case wherein a map has been treated as a memorandum, and the diligence of counsel has produced no case which so defines a memorandum. The introduction of maps, shown to be substantially correct, has been immemorially sanctioned by the courts, not as substantive evidence, but to enable the jury better to understand the testimony, and for this purpose it is plain to be seen that this map would have been helpful under the circumstances, although so crude, as a matter of drawing, that it would not be adopted as a model by a civil engineer or map draftsman. We do not think the objection is tenable and there was no error in the admission of the map.

Officer Edwards was next called as a witness and testified that he was present when Thomason made the map, and that the map was a correct representation of the situation. Counsel conceded that, if the map was admissible, the second objection was not tenable, and, there being no other objection, the judgment of the lower court will be affirmed.

COSHOW, C. J., RAND and ROSSMAN, JJ., concur.