(No. 6010. March 2, 1934.)

H. G. KLEINSCHMIDT, Respondent, v. R. E. SCRIBNER, Appellant.

[30 Pac. (2d) 362.]

Smith & Smith and Frank D. Ryan, for Appellant.

George Donart, for Respondent.

BUDGE, C. J.—On November 3, 1931, appellant, driving his automobile on a rural highway about two miles south and west of the city of Ontario, and within the state of Oregon, struck respondent who was walking across said highway. Thereafter respondent brought this action for damages because of personal injuries alleged to have been sustained, alleging, among other things, that appellant was driving at a terrific and dangerous rate of speed, or about sixty miles per hour. From a judgment entered upon a verdict in favor of respondent and from an order denying appellant's motion for new trial this appeal is prosecuted.

Of the several errors assigned three only need be discussed. Assignment of error number two seeks to predicate error upon the admission in evidence, over appellant's objection, of respondent's exhibit "E," one of the reasons specified being that the same was not so certified as to entitle it to admission as a certified copy. Exhibit "E"

purports to be a certified copy of a report of accident made by appellant shortly after the accident in conformity with the requirements of the laws of the state of Oregon. When exhibit ''E'' was offered counsel for appellant made the following objection thereto:

''I have an objection in mind. I do not have the statute; but, it does not comply with the statutes of Idaho in that it does not appear that the officer making the certification had custody of the records and he does not state he is in custody of the records but is merely the Chief Clerk, and, there is no certification he is the officer, and under the laws of the State of Idaho the certification must be made by the Secretary of State or some person having knowledge of the fact.''

The objection was overruled and the court admitted the whole of exhibit ''E'' in evidence. The point is sought to be made that the certificate attached to exhibit ''E'' does not comply with the provisions of I. C. A., section 16–313, subdivision 7, in that there is no certificate of the Secretary of State or other designated officer, certifying that the copy is duly certified by the officer having the legal custody of the original. I. C. A., section 16–313, provides in part as follows:

''Other official documents may be proved as follows: . . . . 7. Documents of any other class in another state or territory, by the original, or by a copy, certified by the legal keeper thereof, together with the certificate of the secretary of state, judge of the Supreme, district, superior or county court, or mayor of a city of such state or territory, that the copy is duly certified by the officer having the legal custody of the original.''

Exhibit ''E'' is not an original but admittedly a copy, and, an examination of the certificate attached thereto discloses that, if said exhibit comes within the class of documents referred to in I. C. A., section 16–313, and subdivision 7 thereof, it is not certified in the manner prescribed since there is no certificate by the Secretary of State or other designated officer certifying ''that the copy is duly certified by the officer having the legal custody of the

original." The only certificate to exhibit "E" recites as follows:

"I, H. G. Maison, Chief Clerk, Department of State Police of the State of Oregon, do hereby certify:

"That I have carefully compared the annexed copy of Accident Report dated November 3, 1931, with the original thereof which is on file in the office of the Department of State Police of the State of Oregon and that the same is a full, true and correct transcript therefrom and of the whole thereof, together with all endorsements thereon.

"H. G. MAISON,

"Chief Clerk,

"Department of State Police."

It is urged by respondent that exhibit "E" is not, however, an official document, but, is a public record of a private writing and its authentication is to be governed by the provisions of I. C. A., section 16–314, which provides as follows:

"A public record of a private writing may be proved by the original record, or by a copy thereof, certified by the legal keeper of the record."

 Whether exhibit "E" was an official document within the meaning of I. C. A., section 16–313, or a public record of a private writing within the meaning of I. C. A., section 16–314, it purported to be, in either case, a certified copy of a record of the state of Oregon requiring the certification of the officer of the state of Oregon who was the legal keeper of the record. A portion of appellant's objection to the admission of this exhibit was that: "It does not comply with the statutes of Idaho in that it does not appear that the officer making the certificate had custody of the record." It is well settled that the courts of this state will not take judicial notice of the laws of a sister state. (*Cummings v. Lowe*, 52 Ida. 1, 10 Pac. (2d) 1059; *Maloney v. Winston Bros. Co.*, 18 Ida. 740, 111 Pac. 1080, 47 L. R. A., N. S., 634.) The only evidence in the record showing or tending to show who was the legal keeper of the record is that excerpt from the laws of Oregon printed upon the back of exhibit "E" and likewise upon Respond-

ent's Exhibit "D," which latter exhibit was admitted without objection, and contains the following excerpt:

"NOTE: The driver of any vehicle involved in an accident resulting in injuries or death to any person, or property damage, shall, within 24 hours, forward a report of such accident to the sheriff of the county in which the accident occurs, except that when such accident occurs within an incorporated city or town such report shall be made within 24 hours to the police headquarters in such city or town and such report shall be open to public inspection. Every police department or the sheriff's office shall forward a copy of every such report so filed with it to the secretary of state upon forms furnished by him. The secretary of state may require drivers, involved in accidents, to file supplemental reports of accidents upon forms furnished by him whenever the original report is insufficient in the opinion of the secretary of state. Such reports shall be without prejudice, shall be for the information of the secretary of state, and shall be open to public inspection. The fact that such reports have been so made shall be admissible in evidence solely to prove a compliance with this section, but no such report nor any part thereof nor statement contained therein shall be admissible in evidence for any other purpose in any trial, civil or criminal, arising out of such accidents. (Paragraph 24, Section 2, Chapter 186, Laws 1929.)"

In so far as is disclosed by the foregoing excerpt the Secretary of State is the legal keeper of the record of which exhibit "E" purports to be a certified copy. The certificate attached to exhibit "E" does not recite that the copy was made by the legal keeper of the record, nor does it disclose that the Secretary of State duly certified the exhibit as the legal keeper of the record, but does disclose a certificate signed by one Maison, who designates himself, "Chief Clerk, Department of State Police." It would therefore appear that exhibit "E" was neither certified as required by I. C. A., section 16–313, subdivision 7, *supra,* nor as required by I. C. A., section 16–314, *supra,* and it therefore

follows that the exhibit was improperly admitted. (*Reed v. Stevens,* 120 Me. 290, 113 Atl. 712; *Davis v. Davis,* 54 Nev. 267, 13 Pac. (2d) 1109; *Bergman v. Bullitt,* 43 Kan. 709, 23 Pac. 938; *Tully v. Lewitz,* 50 Misc. 350, 98 N. Y. Supp. 829; *Dailey v. Grand Lodge, Brotherhood of R. Trainmen,* 311 Ill. 184, 142 N. E. 478.)

The record discloses that prior to the admission of exhibit ''E'' respondent had likewise offered and had had admitted Respondent's Exhibit ''D,'' which a witness for appellant produced and identified at respondent's behest as ''an exact carbon copy,'' made by placing a carbon between two sheets gummed together on a pad and drawing the map, of an original report of accident made by appellant's witness, which original was filed with the State Highway Department or the State Traffic Department. Exhibit ''E'' was purported to be a certified copy of the filed original report of accident. On the back of both exhibits ''D'' and ''E'' there appears a plat or map purporting to picture the scene of the collision and the positions of the various vehicles and persons involved therein. From a comparison of exhibits ''D'' and ''E'' it is immediately apparent that the plat on the carbon copy, exhibit ''D,'' and the plat on the purported certified copy, exhibit ''E,'' are not the same, but contain several discrepancies of varying degree upon questions that were more or less material to the issues involved, and we therefore cannot say that the admission of exhibit ''E'' may not have been prejudicial to appellant.

Appellant's third assignment of error attacks that portion of the court's instruction number 7 which recites as follows:

''That outside of business or resident districts, and except as above limited, it is lawful to drive at a speed *not* exceeding 45 miles per hour.''

Appellant contends that this statement in effect instructed the jury that driving at any speed in excess of forty-five miles an hour was unlawful, and, since respondent introduced testimony that appellant was driving, at and immediately prior to the time of the accident, between fifty and sixty miles an hour, the instruction could not help

but mislead the jury and was prejudicial to appellant for the reason that section 20, chapter 360, Oregon Laws 1931, stipulated by the parties to be the applicable law of the state of Oregon, as stated in appellant's brief, "only makes 45 miles an hour unlawful where the conditions of traffic etc., make a greater speed imprudent or unreasonable." After stating that the rights, duties and liabilities of the parties must be determined by and under the laws of the state of Oregon, instruction number 7 recited the following with respect to the law involved in the instant question:

"You are further instructed the laws of the State of Oregon, among other things, provide: . . . .

"That no person shall drive a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway and the hazard at intersections and any other conditions existing.

"That no person shall drive at a speed which is greater than will permit the driver to exercise proper control of the vehicle and to decrease speed or to stop, as may be necessary, to avoid colliding with any person, vehicle or other conveyance entering the highway in compliance with the legal requirements and with the duty of drivers and other persons using the highway to exercise due care.

"That outside of business or resident districts and except as above limited, it is lawful to drive at a speed not exceeding forty-five miles per hour."

From an examination of the foregoing instruction it appears that the statement contained in the portion objected to is not qualified, limited or altered by the balance of the instruction, and, that the bare statement therein that "it is *lawful* to drive at a speed *not exceeding* forty-five miles per hour" certainly leaves the impression that it is *unlawful* to drive at a speed *exceeding* forty-five miles per hour. Respondent states that the paragraphs of instruction number 7 are "taken" or "taken *verbatim*" from designated portions of the Oregon Laws, and urges that it was therefore a proper instruction. The so-called "*verbatim*" statements do not recite the sections referred to in full, and the paragraph objected to bears little, if any,

resemblance to the subdivision of the Oregon Laws from which it is said to have been "taken." That part of the Oregon Laws which the parties stipulated governed the rights, duties and liabilities of the parties herein and which appears to be material to the question involved is contained in section 20, chapter 360, Oregon Laws 1931, pages 637, 638, and provides as follows:

"(a) *Basic Rule.* No person shall drive a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway and the hazard at intersections and any other conditions then existing.

"Nor shall any person drive at a speed which is greater than will permit the driver to exercise proper control of the vehicle and to decrease speed or to stop as may be necessary to avoid colliding with any person, vehicle or other conveyance upon entering the highway in compliance with legal requirements and with the duty of drivers and other persons using the highway to exercise due care; provided, that this provision shall not be construed to change the rules of pleading and evidence relating to negligence and contributory negligence.

"Any person convicted of a violation of the above basic rule, unless such violation occurs under the conditions of subdivision (b) of this section, shall be punished by a fine of not to exceed twenty-five (25) dollars, or by imprisonment for not to exceed five (5) days, or by both such fine and imprisonment.

"(b) *Application of Indicated Speeds.* Any person who drives a vehicle upon a highway at a speed in excess of that indicated as follows for the particular district or location, *and, who, while so driving, violates the basic rule* set forth in subdivision (a) or any provision of sections 26 to 49, both inclusive, shall, upon conviction be punished by a fine of not to exceed one hundred (100) dollars or by imprisonment not to exceed ten (10) days, or by both such fine and imprisonment.

"Said indicated speeds are as follows: . . . .

"4. Forty-five miles per hour:

"Outside of business or resident district, except as otherwise limited by this act."

The immediately apparent difference between instruction number 7 and the foregoing quoted portion of the Oregon law is that the instruction states that it is *lawful* to drive at a speed *not exceeding* forty-five miles an hour outside of business or resident district, while the statute merely provides that the "indicated" speed outside of business or resident districts is forty-five miles an hour. The statute neither says, that driving not exceeding forty-five miles an hour is lawful, nor, that driving in excess of forty-five miles an hour is unlawful. Furthermore, from an examination of that portion of the law providing for penalties for a violation of the speed laws it appears that driving in excess of an "indicated" speed, does not, in and of itself, constitute a violation of any law, but, that there is a violation of the law only when any person driving "at a speed in excess of that indicated," "*and who, while so driving, violates the basic rule.*" In other words, it is not necessarily unlawful or negligent to drive at a speed in excess of forty-five miles an hour outside of business or resident district, the contrary of which was, in effect, the language of that part of instruction number 7 complained of. It is urged that if instruction number 7 is erroneous, the error was waived since it was invited by appellant's requested instruction number 2, which recited that the state of Oregon "has a so-called 'Basic Rule' in regard to speed under the circumstances involved," then sets forth the "basic rule" *verbatim* and then recites:

"*The indicated speed* under the laws of the State of Oregon under its basic rule, outside of business or residence districts, and in a locality such as that where the plaintiff here was injured, is forty-five miles per hour."

Requested instruction number 2 was indorsed: "Given as modified by given instruction No. 7." While "indicated speed" might well have been defined in requested instruction number 2, it is not subject to the same criticism heretofore pointed out in instruction number 7, that is, requested instruction number 2 does not recite

that driving at forty-five miles an hour is either lawful or unlawful, while instruction number 7 does. Requested instruction number 2 is not the complement of instruction number 7. The error contained in instruction number 7 was not invited by the requested instruction number 2. The rule that error is invited and thereby waived when a requested instruction is the same, or substantially the same, as the given instruction is not applicable when the error in the given instruction is some new and distinct error imported into the given instruction. (2 Cal. Jur., sec. 497; 4 C. J., secs. 2619, 2620, pp. 707–710; *Fink v. Weisman*, 132 Cal. App. 724, 18 Pac. (2d) 961, 23 Pac. (2d) 438, 27 Pac. (2d) 365, 90 A. L. R. 1071; *Gerdes v. Pacific Gas & Elec. Co.*, 219 Cal. 459, 21 Pac. (2d) 571; *Hunt v. Des Moines City Ry. Co.*, 188 Iowa, 1068, 177 N. W. 48; *Director General of Railroads v. Pence's Adm.*, 135 Va. 329, 116 S. E. 351; *Brooks v. Brookes*, (Mo. App.) 186 S. W. 1105; *Provance v. Missouri Southern R. Co.*, (Mo. App.) 186 S. W. 955.) The test as to whether or not there was invited error depends upon whether the latter portions of instruction number 7 and requested instruction number 2 when read and considered mean substantially the same thing. Instruction number 2 states that: "*the indicated speed* under the laws of the state of Oregon under its basic rule, outside of business or resident districts, . . . . is forty-five miles per hour."

Instruction number 7 says:

"That outside of business or resident district and except as above limited, *it is lawful to drive at a speed not exceeding* forty-five miles per hour."

In other words, requested instruction number 2 says the *indicated speed is forty-five miles per hour* and instruction number 7 says the *lawful speed is not to exceed forty-five miles per hour.* "Indicated" speed has an entirely different meaning than either "lawful" or "unlawful" speed, the indicated speed being neither lawful nor unlawful. The imported error in instruction number 7 is found in the following language: "it is lawful to drive at a speed not exceeding forty-five miles per hour," the test

being whether this can be read from requested instruction number 2. It would appear that that portion of instruction number 7 complained of was unquestionably prejudicial to appellant.

Over appellant's objection Respondent's Exhibit "A," a diagram or map depicting the vicinity where the accident occurred was received in evidence, not for the purpose of proving the correctness of distances, but, apparently for the purpose of illustrating the testimony of the witnesses of the relative location of objects involved in the subject of litigation. This diagram was inscribed so as to name the various objects and state various distances, showing relation to one another. Maps and charts are competent evidence to furnish a better understanding of the relative location of objects involved in the litigation and are received in the discretion of the trial court for the purpose of illustration and to aid the jury in that regard, and their admission in evidence will not be deemed erroneous in the absence of a showing of an abuse of the court's discretion. (10 Cal. Jur. 894, secs. 167, 168; 22 C. J. 910, sec. 1114; *Silvey v. Harm,* 120 Cal. App. 561, 8 Pac. (2d) 570; *Walling v. Van Pelt,* 132 Or. 243, 285 Pac. 262; *Deitchler v. Ball,* 99 Wash. 483, 170 Pac. 123; *Ingersoll v. Olwell,* 127 Wash. 276, 220 Pac. 775; *Haven v. Snyder,* 93 Ind. App. 54, 176 N. E. 149; *Wiseman v. Terry,* 111 W. Va. 620, 163 S. E. 425; *Prok v. Norfolk & W. Ry. Co.,* 75 W. Va. 697, 84 S. E. 568.) It is urged by appellant that exhibit "A" has written thereon statements of fact which were in dispute which could be taken by the jury as evidence. It is true that there are certain matters written on the map, and, while standing alone they may not constitute reversible error, however, the better practice would appear to be not to permit any writing about which there is dispute upon such exhibits to be considered by the jury. (*E. P. Corning v. Dollmeyer,* 123 Ill. App. 188; *Zinser v. Sanitary Dist. of Chicago,* 175 Ill. App. 9.) Upon a retrial such written matter as might by any chance be considered by the jury as evidence should be eliminated from the map.

The judgment is reversed and the cause remanded to the trial court with instructions to grant a new trial. Costs are awarded to appellant.

Givens, Holden and Wernette, JJ., concur.

Petition for rehearing denied.

MORGAN, J., Dissenting.—As pointed out in the foregoing opinion, exhibit "E," the admission in evidence of which is treated as prejudicial error, purports to be a copy of the original map and accident report of which exhibit "D," introduced in evidence without objection, is a carbon copy. Exhibit "E" does not prove anything which is not established by exhibit "D."

It is stated in the foregoing opinion:

"From a comparison of exhibits 'D' and 'E' it is immediately apparent that the plat on the carbon copy, exhibit 'D', and the plat on the purported certified copy, exhibit 'E', are not the same, but contain several discrepancies of varying degree upon questions that were more or less material to the issues involved, and we therefore cannot say that the admission of exhibit 'E' may not have been prejudicial to appellant."

It is not stated in the opinion what these "discrepancies" are, nor what any of them is, nor upon what "questions they were more or less material to the issues involved." I am unable to find any material difference in these exhibits and feel certain, if difference exists, it would have been pointed out by appellant to whose advantage it would be to show it. In the absence of a difference in these maps, which resulted in disadvantage to appellant, the introduction of exhibit "E," although not properly certified, is not prejudicial error, because it shows nothing not shown by exhibit "D," which had been introduced without objection.

Instruction numbered 7 is erroneous because the jury probably inferred from the language, "outside of business or residence districts and except as above limited, it is lawful to drive at a speed not exceeding forty-five miles per hour,"

that it is unlawful to drive at a speed exceeding forty-five miles per hour outside of such districts and except as so limited. However, the error was invited by defendant's requested instruction numbered 2, which was erroneous for the same reason instruction numbered 7 was, as will be seen by reading the instruction which was given and the one which was requested.

Instruction numbered 7, omitting parts which have no bearing on the question before us, is as follows:

"You are instructed that since the accident or collision which is the subject of this case, occurred in the State of Oregon, the rights, duties and liabilities of the parties to this action must be determined by and under the laws of the State of Oregon.

"You are further instructed the laws of the State of Oregon, among other things provide: . . . .

"That no person shall drive a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway and the hazard at intersections and any other conditions existing.

"That no person shall drive at a speed which is greater than will permit the driver to exercise proper control of the vehicle and to decrease speed or to stop, as may be necessary, to avoid colliding with any person, vehicle or other conveyance entering the highway in compliance with legal requirements and with the duty of drivers and other persons using the highway to exercise due care.

"That outside of business or residence districts and except as above limited, it is lawful to drive at a speed not exceeding forty-five miles per hour. . . . . "

Requested instruction numbered 2 is as follows:

"You are instructed that under the laws of the State of Oregon, it has a so-called 'Basic Rule' in regard to speed under circumstances such as are involved in this case, the applicable part of such rule to this section, being as follows:

"No person shall drive a vehicle upon a highway at a speed greater than is reasonable and prudent, having due

regard to the traffic, surface and width of the highway and the hazard at intersections and any other conditions existing.

"Nor shall any person drive at a speed which is greater than will permit the driver to exercise proper control of the vehicle and to decrease speed or to stop as may be necessary to avoid colliding with any person, vehicle or other conveyance upon entering the highway in compliance with legal requirements and with the duty of drivers and other persons using the highway to exercise due care; provided that this provision shall not be construed to change the rules of pleading and evidence relating to negligence and contributory negligence.

"The indicated speed under the laws of the State of Oregon under its basic rule, outside of a business or residence district, and in a locality such as that where the plaintiff here was injured, is forty-five miles per hour."

The law of Oregon, agreed by the parties to be applicable to this case, is set out in the foregoing opinion and it is clear therefrom that it is unlawful in that state to drive on a highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway and the hazard at intersections and any other conditions then existing. It prohibits driving at a speed that is greater than will permit the driver to exercise proper control of the vehicle and to decrease speed or to stop as may be necessary to avoid colliding with any person, vehicle or other conveyance on entering the highway in compliance with legal requirements and with the duty of drivers and other persons using the highway to exercise due care.

The foregoing is the substance of what is referred to in Oregon as the "basic rule" and subd. (a) of the law fixes the penalty for a violation thereof at a fine not to exceed $25, or imprisonment not to exceed 5 days, or both such fine and imprisonment, unless it is violated under conditions stated in subd. (b).

Subdivision (b) provides that any person who drives a vehicle on a highway at a speed in excess of that indicated in

the law for the particular district or location and who, while so driving, violates the basic rule shall, upon conviction, be punished by a fine not exceeding $100, or by imprisonment not exceeding ten days, or by both such fine and imprisonment. Then is set out the speed the driving of which, when accompanied by a violation of the basic rule, shall bring upon the offender the increased penalty. It is, in part, as follows:

"4. Forty-five miles per hour; Outside of business or residence district, except as otherwise limited by this act."

It will be observed that it is not speed which constitutes a violation of the law, so long as it is not greater than is reasonable and prudent, but that excessive speed occurring with a violation of the law, increases the penalty.

The jury was not concerned with the penalty for appellant's violation of the traffic laws of Oregon, if he violated them. It was concerned in whether he was driving his automobile in that state in violation of its traffic laws and, if he was, whether his doing so was the proximate cause of respondent's injury.

It was appellant's contention, supported by his evidence, that he was not driving to exceed 40 miles per hour at the time of the accident. No doubt the erroneous part of instruction numbered 2 was requested, and the erroneous part of instruction numbered 7 was given, on this theory.

In that request appellant asked the court to instruct the jury that Oregon "has a so-called 'Basic Rule' in regard to speed under circumstances such as are involved in this case, . . . . The indicated speed under the laws of the State of Oregon under its basic rule, outside of a business or residence district, and in a locality such as that where the plaintiff here was injured, is forty-five miles per hour."

That language is incapable of other interpretation than that, outside of business or residence districts, it is lawful to drive at a speed not exceeding forty-five miles per hour, which is what the court told the jury in instruction numbered 7, and about which appellant is complaining.

One who invites error should not be heard to complain of it. (*Gaskill v. Washington Water Power Co.*, 17 Ida. 128, 105 Pac. 51; *Trask v. Boise King Placers Co.*, 26 Ida. 290, 142 Pac. 1073; *Dover Lumber Co. v. Case*, 31 Ida. 276, 170 Pac. 108; *Walling v. Walling*, 36 Ida. 710, 214 Pac. 218; *Mathers v. Mathers*, 42 Ida. 821, 248 Pac. 468; *Frank v. Frank*, 47 Ida. 217, 273 Pac. 943; *Applebaum v. Stanton*, 47 Ida. 395, 276 Pac. 47.)