595 P.2d 1023

**The STATE of Arizona, Appellee,**

v.

**Thomas Michael CONTRERAS, Appellant.**

**No. 2 CA–CR 1523.**

Court of Appeals of Arizona, Division 2.

March 26, 1979.

Rehearing Denied April 25, 1979.

Review Denied May 25, 1979.

Robert K. Corbin, Atty. Gen., by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Robert C. Brown, Casa Grande, for appellant.

## OPINION

HATHAWAY, Judge.

This is an appeal from a conviction of assault with a deadly weapon, A.R.S. § 13–249(A)–(B). We affirm.

Appellant does not dispute that the weapon, a prison-made knife or shank, is a deadly weapon. He does question the adequacy of the identification of him as the assailant, contending that four errors occurred at trial that materially influenced the jury to resolve conflicting testimony as to the identity of the assailant against him.

Both the victim and assailant were inmates at the Arizona State Prison. A prison guard who witnessed the assault identified appellant as the assailant. Another guard who apprehended appellant shortly after the assault testified that appellant was in a shower attempting to wash blood from his arm and body. This was corroborated by a third guard. In contrast, both the victim and appellant denied that appellant was the assailant.

██ The first alleged error involves the use of a diagram of the cell block where the assault occurred. Appellant invoked the exclusion of witnesses provision, Rule 9.3, Rules of Criminal Procedure, 17 A.R.S. The guard who apprehended appellant testified first, illustrating his testimony by marking the diagram. When the other guards testified, they were permitted to illustrate their testimony by referring to the diagram marked by the first guard. Appellant objected on the grounds that this use of the diagram was analogous to leading a witness and violated the purpose of Rule 9.3.

Although we have not found Arizona authority directly in point, other jurisdictions permit more than one witness to use the same diagram, provided each witness affirms that it represents his observation. *Kleinschmidt v. Scribner,* 54 Idaho 185, 30 P.2d 362 (1934); *State v. Smith,* 221 N.C. 278, 20 S.E.2d 313 (1942). See 3 Wigmore, Evidence, § 794 at 241–243 (Chadbourne rev. 1970). See generally, Annot., 9 A.L.R.2d 1044 (1950). Because both guards confirmed the accuracy of the previously marked diagram, we find no error.

██ The second alleged error concerns testimony, elicited in the prosecution's case in chief, that there is a prison code forbidding fellow inmates from testifying against each other on peril of death. The testimony was offered to explain the victim's anticipated denial that appellant had assaulted him. Appellant objected on the grounds that the testimony shifted the burden of proof, that it was irrelevant unless appellant had actually threatened the victim with reprisals for testifying against him, and that the testimony was misleading because inmates sometimes testify against other inmates. He did not object to the order in which the testimony was introduced, therefore waiving any possible objection on this ground. See *State v. Long,* 119 Ariz. 327, 580 P.2d 1181 (1978).

*State v. Sustaita,* 119 Ariz. 583, 583 P.2d 239 (1978), resolves the burden of proof argument against appellant. Provided the court clearly instructs the jury on the prosecution's burden, as the court did in this case, the prosecutor may refer to evidentiary problems peculiar to the case.

Evidence that an accused or his agent threatened a witness to deter truthful testimony is admissible to show the accused's consciousness of guilt. *State v. Settle,* 111 Ariz. 394, 531 P.2d 151 (1975); *State v. Valenzuela,* 109 Ariz. 1, 503 P.2d 949 (1972). When offered for this purpose, the accused must be linked to the threat. *People v. Perez,* 169 Cal.App.2d 473, 337 P.2d 539 (1959). In this case, however, evidence of the prison code was offered to impeach the

victim's denial of appellant's involvement, not to show appellant's consciousness of guilt. There was no need to show appellant or his agent actually threatened the victim because the evidence was relevant to impeach the victim's denial regardless of appellant's actual involvement. We find no error.

Appellant's reliance on *Napue v. People of the State of Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), which held that the prosecutor's knowing use of false testimony violates due process, is misguided. Here, the state's witness, a Department of Public Safety agent, testified as to the existence of a prison code based on his personal experience with threatened inmates and a survey he had conducted involving approximately 400 inmates and 250 prison personnel. That inmates sometimes testify against other inmates does not disprove this generalization. Because the testimony was true, *Napue* is inapplicable.

 The third alleged error involves the trial court's refusal to allow appellant to subpoena the Clerk of the Superior Court, the Pinal County Attorney, and the Warden of the Arizona State Prison to show that inmates sometimes testify against other inmates. Assuming that such evidence would have been marginally relevant, Rule 401, Rules of Evidence, Arizona Rules of Court, the trial court has discretion to exclude relevant evidence, "if its probative value is substantially outweighed . . . by considerations of undue delay . . . [or] waste of time." Rule 403, Rules of Evidence, supra. We find no abuse of discretion. See generally, McCormick on Evidence, § 185 at 439–440 (2nd ed.1972).

The fourth alleged error involves possible prosecutorial misconduct in closing argument. Defense counsel objected during the argument to the prosecutor's statement that the victim denied appellant's involvement to appease appellant. No objection was made, however, to a statement that allegedly implied that appellant or his agent had actually threatened the victim until after argument. Counsel must object to improper argument at the earliest oppor-

tunity to allow the trial court to correct the error; failure to do so waives the error. *State v. Denny,* 119 Ariz. 131, 579 P.2d 1101 (1978). The second alleged error was therefore waived. As for the first, it is permissible to argue reasonable inferences from the evidence. *State v. Moore,* 112 Ariz. 271, 540 P.2d 1252 (1975); *State v. Jaramillo,* 110 Ariz. 481, 520 P.2d 1105 (1974). A reasonable inference was that the victim denied appellant's involvement to avoid further reprisals from him. We find no error.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.